**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 19, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

06-30269

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DAVID B. RIDGEWAY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana

_____

Before REAVLEY, DeMOSS, and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge:

David Ridgeway pled guilty to 22 fraud-related counts in 1992.[1]  In 1993, he was sentenced to 48 months imprisonment[2] and three years of supervised release.  He was also fined $50,000 and ordered to pay $100,000 in restitution to the Louisiana Insurance Guaranty Association (LIGA).  At the end of his term of supervised

_____

[1] The facts underlying these charges are recounted in *United States v. Cavin*, 39 F.3d 1299 (5th Cir. 1994).

[2] A year later, on the strength of the Government's 35(b) letter, this was reduced to 30 months imprisonment.  *See* FED. R. CRIM. P. 35

release, Ridgeway voluntarily executed a note with LIGA agreeing to pay at least $100 per month until his debt was paid.

In 2004, more than a decade after his sentencing and years after his term of supervised release ended, the United States filed a notice of lien against Ridgeway's property. The lien was for $150,000, which is the total of the fine plus the restitution.

Ridgeway does not dispute the Government's authority to file a lien against his property for the balance of his fine. However, he contests the Government's lien insofar as it concerns the restitution order. Ridgeway argues that LIGA, not the Government, is authorized to collect that debt. He filed a motion to set aside the lien and to prohibit the Government's further collection efforts on behalf of LIGA. The district court denied Ridgeway's motion.

We AFFIRM the district court's ruling.

## I. STANDARD OF REVIEW

The only question is whether the United States was authorized to file the present lien, despite Ridgeway's note with LIGA, years after his terms of imprisonment and supervised release ended. This is a question of statutory interpretation which we review *de novo*. *See United States v. Phillips*, 303 F.3d 548, 550 (5th Cir. 2002).

## II. DISCUSSION

### A. Applicable Law

The parties agree that the law in effect at the time of

sentencing, in this case 1993, governs this dispute. *See Hughey v. United States*, 495 U.S. 411, 413 n.1 (1990). Unless otherwise noted, the discussion below focuses on provisions as they existed in 1993. This requires us to scrutinize the terms of the Victim and Witness Protection Act of 1982 (VWPA), which has since been repealed by the Mandatory Victim's Restitution Act of 1996 (MVRA).[3] We are particularly mindful of the provisions limiting payment periods and the provisions addressing the Government's power to enforce restitution orders.

B. The Limitations Period for Restitution Payments

The VWPA allows a judge to order restitution payments immediately or in installments. Ridgeway focuses on the provisions of the Act limiting payment periods to a maximum of five years after the term of imprisonment to argue that the Government no longer has authority to collect on this restitution order. However, we conclude that those provisions are directed at when payments are due. The collection of outstanding debts, as the one here, is governed by the enforcement provisions found in 18 U.S.C.

---

[3] After conceding that the VWPA is the applicable law, the United States curiously mentions that applying the MVRA would not violate the Ex Post Facto Clause. Whether it violates the Ex Post Facto Clause is irrelevant, though, where the statute itself explicitly limits its application to sentencing proceedings initiated after its effective date. *See* 18 U.S.C. § 3663A (historical and statutory notes) (providing that relevant amendments shall be effective "for sentencing proceedings in cases in which the defendant is convicted on or after Apr. 24, 1996.").

§ 3663(h).

We begin with the statutory language "as well as the design, object and policy in determining the plain meaning of a statute." *See Hightower v. Tex. Hosp. Ass'n*, 65 F.3d 443, 448 (5th Cir. 1995). The statute must be read as a whole, and only if the language is unclear do we turn to statutory history. *See Toibb v. Radloff*, 501 U.S. 157, 162 (1991). The payment-period provisions provide:

> (f)(1) The court may require that [the] defendant make restitution under this section within a specified period or in specified installments.
>
> (2) The end of such period or the last such installment shall not be later than–
>
> (A) the end of the period of probation, if probation is ordered;
>
> (B) five years after the end of the term of imprisonment imposed, if the court does not order probation; and
>
> (C) five years after the date of sentencing in any other case.
>
> (3) If not otherwise provided by the court under this subsection, restitution shall be made immediately.

18 U.S.C. § 3663(f)(1)–(3) (1993).

Ridgeway's argument is that the limitation on payment periods implicitly limits when the Government can collect on a restitution order. Because the collection attempt here occurred more than five years after Ridgeway completed his term of imprisonment, he contends that it was unauthorized. 18 U.S.C. § 3663(f)(2)(B).

4

While he admits the debt still exists, he argues that it is incumbent on LIGA to enforce it.

Variations of this argument have been addressed by our sister circuits,[4] but it is a matter of first impression for us. We agree with those circuits finding that the time limitations in § 3663(f) only apply to when payments are due, without directly limiting the period during which the Government can collect overdue payments.

---

[4] *Compare United States v. Joseph*, 914 F.2d 780, 786 (6th Cir. 1990) (Government's ability to enforce restitution order limited by § 3663(f), victim responsible for collection after that), *and United States v. Bruchey*, 810 F.2d 456, 459–60 (4th Cir. 1987) (Government cannot compel defendant to sign restitution note extending payments past limitations period), *and United States v. Fountain*, 768 F.2d 790, 803 (7th Cir. 1985) (Section 3663(f) limits period in which payment is due, even if payments are ordered immediately), *with United States v. Rostoff*, 164 F.3d 63, 66 (1st Cir. 1999) ("The fact that the last payment of restitution is *due* at the end of supervised release has nothing to do with the duration or expiration of the restitution order."), *and United States v. Fuentes*, 107 F.3d 1515, 1533 n.3 (11th Cir. 1997) (noting that defendant is not "off the hook" at end of limitation period, as Government may collect overdue payments thereafter), *and United States v. House*, 808 F.2d 508, 511 (7th Cir. 1986) (despite installment provisions, restitution is debt and does not abate in five years).

Notably, Ridgeway relies on cases that do not involve the Government collecting overdue payments, as here, but a district court preemptively compelling a defendant to sign agreements that will extend the payment's due date beyond the limitations period. *See, e.g.*, *Joseph*, 914 F.2d at 786 ("[T]he court may not require the defendant to execute a consent judgment or otherwise require him to secure payment 'during and after the period of probation.'"); *Bruchey*, 810 F.2d at 460 ("By ordering the defendant to sign a promissory note on which payments would in all likelihood extend beyond her five years of probation, the district court accomplished indirectly what the statute forbids directly."). We do not call those holdings into question. Unlike those cases, the district court did not seek to extend the time period in which Ridgeway's payments were due, but is simply allowing collection measures for the outstanding debt.

5

This is not an artificial or novel distinction.  Similarly, in the context of fines, in 1993 a district court could not order installment-payments for a period of greater than five years, but it could collect outstanding fines for up to twenty years.  *Compare* 18 U.S.C. § 3572(d) (1993) (limiting period of installments to five years), *with* 18 U.S.C. § 3613(b)(1) (1993) (liens used to collect fines do not expire for twenty years).

We are sympathetic to Ridgeway's position, and if § 3663(f) contained the only relevant provisions, we might agree with him that they implicitly limit the collection period.  The purpose of limiting payment periods to five years is unclear when collection is allowed to continue so far beyond that time,[5] but we must read the statute as a whole.  This requires us to consider § 3663(h), which explicitly governs the enforcement of restitution orders.

---

[5] The Government argues that this provision is strictly for the benefit of victims, to ensure the district court will not extend repayment periods indefinitely and deprive them of speedy compensation.  *See, e.g.*, *House*, 808 F.2d at 511 ("The power of a district court to establish a schedule of repayment . . . created a risk that the schedule would be so extended as to make the order ineffectual . . . .  So § 3579(f)(2) limits the use of § 3579(f)(1) to drag out the process of restitution.").

While that may be one purpose of this provision, the legislative history also shows a reluctance to hold a defendant perpetually liable.  It recognizes that crime "may have lifelong cost implications for the victim or the victim's family, *but* it also recognizes that there may sometimes be a practical necessity in limiting both the amount of restitution ordered and the period during which restitution payments are ordered to be made."  1982 U.S. Code Cong. & Admin. News 2515, 2537–38 (emphasis added).  Read in context, the latter part of that statement contrasts with the victim's interest in lifelong repayment and denotes concern for limiting the defendant's liability.

## C.  The Enforcement Provisions and the Propriety of the Lien

We find that 18 U.S.C. § 3663(h) is the controlling provision, as it provides the methods for enforcing restitution orders.  We navigate that provision and its cross-references in some detail, and the reader is forewarned that the journey is cumbersome.

Section § 3663(h) provides, in full:

(h) An order of restitution may be enforced–

(1) by the United States–

    (A) in the manner provided for the collection and payment of fines in subchapter B of chapter 229 of this title; or

    (B) in the same manner as a judgment in a civil action; and

 (2) by a victim named in the order to receive the restitution, in the same manner as a judgment in a civil action.

18 U.S.C. § 3663(h)(1)-(2)(1993).[6]

The Government finds its authority for this lien in § 3663(h)(1)(A).  The relevant provision of chapter 229, subchapter B reads:

### § 3613 Civil Remedies for satisfaction of an unpaid fine

(a) Lien.-- A fine imposed pursuant to the provisions of subchapter C of chapter 227 is a lien in favor of the United States upon all property belonging to the person fined.

18 U.S.C. § 3613(a).  That section further indicates that such

_____

[6] The modern incarnation of this provision, derived from the MVRA, gives the Government a broader grant of authority to enforce restitution orders.  *See* 18 U.S.C. § 3664(m).

liens do not expire until "twenty years after entry of the judgment," the year 2013 in this case.  18 U.S.C. § 3613(b)(1).

The Government's position, which we ultimately adopt, is fairly straightforward: (1) Section 3663(h)(1)(A) allows it to utilize all methods of collection provided for in Title 18, chapter 229, subchapter B; (2) one of those methods creates a lien on the fined person's property, *see* 18 U.S.C. § 3613(a); (3) those liens do not expire for twenty years, *see* 18 U.S.C. § 3613(b)(1); and (4) the underlying judgment is less than twenty-years old, and is therefore proper.

Ridgeway responds that the section the Government cites only applied to the collection of fines, but did not extend to the collection of restitution until the MVRA was passed in 1996, three years after this order was entered.  *See* Motion to Prohibit Government from Disbursing Funds at 1 (Dec. 7, 2005); *see also* Gray Br. at 3.[7]  While Ridgeway did not raise it, there is a nuance that supports this interpretation.  Of the five sections comprising chapter 229, subchapter B, 18 U.S.C. §§ 3611–15, the lien provision is the only one that contains a clause limiting its application to

---

[7] We highlight where this argument was briefed below because the district court did not address it.  It was probably too dismissive of it, as it is not enough to find the Government's enforcement action was not time-barred by § 3663(f); the district court should have further satisfied itself that the Government had the affirmative authority to act as it did here.  Because we give this part of the analysis more consideration than either party or the district court, we are careful to point out where these arguments were made below.

*fines* "imposed pursuant to the provisions of subchapter C of chapter 227." 18 U.S.C. § 3613(a). The Government's position, applying that provision to orders of restitution which are not part of chapter 227, would seem to violate a cardinal rule that statutory language not be rendered superfluous. *See TRW Inc. v. Andrews*, 534 U.S. 19, 21 (2001). Moreover, because § 3613(a) and § 3663(h) were both codified at the same time as part of the same Act,[8] it is difficult to read § 3613's unique language limiting its application to fines as a mere oversight.

Nonetheless, while we are reluctant to render this limiting language superfluous, it is clear from the statutory history that § 3663(h) envisioned using liens to enforce orders of restitution. In fact, the 1984 version of § 3663(h) explicitly referenced using liens to enforce restitution orders. It stated that the Government could enforce orders of restitution "in the manner provided in 3[6]12 and 3[6]13." *See* Comprehensive Crime Control Act, ch. 229, § 3663, 98 Stat. 1837, 2010 (1984).[9] Only later did Congress

---

[8] Both of these provisions were codified by the 98th Congress as part of the Comprehensive Crime Control Act of 1984. *See* ch. 229, § 3613, 98 Stat. 1837, 2005 (1984); ch. 229, § 3663, 98 Stat. at 2010.

[9] To explain the conspicuous use of brackets in this quotation, the 1984 version actually cross-referenced sections "3812 and 3813," which were then, and remain now, non-existent. This error was later remedied in 1988 through a "correction of cross references," changing the reference to "subchapter B of chapter 229." *See* Anti-Drug Abuse Act, Tit. VII, § 7042, 102 Stat. 4181, 4399 (1988). That subchapter contains §§ 3611–15, and it is clear from this history that the original cross-

broaden § 3663(a)'s reference to the entirety of chapter 229, subchapter B. Thus, Congress captured the remaining provisions of subchapter B; it did not exclude the lien provision.

While the limiting language in § 3613(a) cuts slightly against using liens to enforce restitution orders, it certainly is not directly contradictory to the clear meaning of § 3663(h) allowing it. The Government was explicitly empowered to use liens to enforce orders of restitution, and given the twenty-year expiration period applied to such liens, the Government's lien against Ridgeway's property has not expired.

D. The Note Executed With LIGA

Ridgeway's final argument is that the note he voluntarily executed with LIGA fully satisfies his restitution debt, and the Government cannot accelerate that note. However, the Government's penal objectives in imposing and collecting restitution cannot be waived by the victim. *See United States v. Cloud*, 872 F.2d 846, 854 (9th Cir. 1989). In a very instructive case finding that restitution orders were not subject to discharge in bankruptcy proceedings, the Supreme Court found:

> The criminal justice system is not operated primarily for the benefit of victims, but for the benefit of society as a whole. Thus, it is concerned not only with punishing the offender, but also with rehabilitating him. Although restitution does resemble a judgment "for the benefit of"

---

reference was directed specifically at §§ 3612 and 3613, the two provisions most directly concerned with the *manner* of enforcing fines in subchapter B.

the victim, the context in which it is imposed undermines that conclusion. The victim has no control over the amount of restitution awarded or over the decision to award restitution . . . . Unlike an obligation which arises out of a contractual, statutory or common law duty, here the obligation is rooted in the traditional responsibility of a state to protect its citizens by enforcing its criminal statutes and to rehabilitate an offender by imposing a criminal sanction intended for that purpose.

*Kelly v. Robinson*, 479 U.S. 36, 52 (1986) (citations and quotation omitted).

LIGA could certainly waive its own rights to initiate a civil suit against Ridgeway to collect overdue restitution, and it appears to have done exactly that in this case. But it could not waive the Government's authority to collect restitution, as that bears uniquely on the State's right to administer punishment.

### III.  CONCLUSION

The limitation provisions in 18 U.S.C. § 3663(f)(1)–(3) only limit when payments are due, not when they can be collected. A close review of 18 U.S.C. §§ 3613(a) and 3663(h) reveals that liens may be used to enforce restitution orders and that they do not expire for twenty years. The Government's lien is not time-barred and is not superseded by Ridgeway's note with LIGA. Therefore, we AFFIRM the district court's ruling.