# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 16, 2008

Charles R. Fulbruge III
Clerk

No. 07-10788
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

KENNETH WAYNE CARR

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:03-CR-10-ALL

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Kenneth Wayne Carr appeals the district court's judgment, which revoked his supervised release, sentenced him to 27 months of imprisonment, and ordered him to pay an "outstanding restitution balance" of $5844.28. He argues that the district court plainly erred in imposing an order of restitution because the original judgment of conviction did not order him to pay restitution and because the district court did not have the authority to impose restitution upon revocation of his supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Carr did not raise this issue in the district court, review is limited to plain error. See United States v. Jones, 484 F.3d 783, 792 (5th Cir. 2007). Under the plain error standard, the appellant must show: (1) that there is an error; (2) that the error is clear or obvious; and (3) that the error affects his substantial rights. United States v. Olano, 507 U.S. 725, 731-37 (1993). If these factors are established, the decision to correct the forfeited error is within the court's sound discretion, which will not be exercised unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id. at 736.

Carr has not shown that the district court's inadvertent reference to the fine as restitution affected his substantial rights. In November 1993, Carr was convicted of manufacturing amphetamine and sentenced to 120 months of imprisonment, six years of supervised release, and a $15,000 fine. Under 18 U.S.C. § 3613(b), Carr's liability to pay the fine terminates the later of 20 years after entry of the judgment or his release from imprisonment, or upon his death. See United States v. Ridgeway, 489 F.3d 732, 736–37 (5th Cir. 2007). At the time of the revocation hearing in July 2007, Carr had a remaining balance of $5844.28 on the fine, and he remained liable to pay the balance of the fine under § 3613(b). At the revocation hearing, the district court inadvertently referred to the fine as restitution and ordered Carr to continue to pay the $5844.28 balance. The district court's order did not alter Carr's obligation to pay the fine and did not impose upon Carr a new obligation to pay an additional amount of restitution. Therefore, Carr has not shown that the district court's order affected his substantial rights. See Olano, 507 U.S. at 731-37.

AFFIRMED.