**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 20, 2011

Lyle W. Cayce
Clerk

No. 11-30026
Summary Calendar

DAVID W. TAYLOR,

Petitioner-Appellant

v.

WARDEN UNITED STATES PENITENTIARY POLLOCK,

Respondent-Appellee

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 1:10-CV-1444

Before DAVIS, SMITH and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

David W. Taylor, federal prisoner # 13549-074, appeals the district court's denial and dismissal with prejudice of his 28 U.S.C. § 2241 petition challenging a restitution order issued in connection with his 1993 conviction for bank robbery. Taylor challenges the $5000 restitution order imposed by the sentencing court and asserts that the court failed to consider the necessary requirements when ordering restitution. He also argues that he is actually innocent of the offense of conviction, that the prosecution failed to establish that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the bank was FDIC insured, and that he was denied the effective assistance of counsel. The district court determined that Taylor's claims relating to his conviction and the sentencing court's restitution order should be dismissed for lack of jurisdiction because those claims arose under 28 U.S.C. § 2255 rather than § 2241. Taylor argues that his arguments can be considered in a § 2241 petition and contends that the savings clause of § 2255 is applicable. He notes that an appeal waiver prevented him from challenging his conviction and sentence in a § 2255 proceeding.

The district court's findings of fact are reviewed for clear error and issues of law are reviewed de novo in an appeal from the denial of habeas relief. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). Taylor's claims relating to the imposition of restitution and the validity of his conviction are not properly raised in a § 2241 petition. *See Reyes-Requena v. United States*, 243 F.3d 893, 900 (5th Cir. 2001); *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). Additionally, Taylor fails to show that he meets the criteria for supporting a claim under the savings clause of § 2255(e). *See Reyes-Requena*, 243 F.3d at 904. A procedural bar to raising his claims in a § 2255 motion does not render the § 2255 remedy ineffective or inadequate. *Pack v. Yusuff*, 218 F.3d 448, 452-53 (5th Cir. 2000). The district court did not err in dismissing these claims for lack of jurisdiction.

Taylor next argues that the 1993 restitution order expired five years after the entry of judgment. Because he continued to make payments after five years, Taylor asserts that the collection of the restitution by the Bureau of Prisons was improper. This argument is without merit. We have previously rejected this argument and held that a defendant's liability to pay restitution terminates 20 years from the entry of judgment or 20 years after the release of imprisonment. *See United States v. Ridgeway*, 489 F.3d 732, 734, 736-37 (5th Cir. 2007); 18 U.S.C. § 3613(b), (f).

Finally, Taylor argues that the BOP garnished wages at a greater percentage than that allowed by statute and that restitution was paid to the

FDIC rather than the victim. These claims are conclusory and therefore do not give rise to a constitutional violation. *See Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990).

Accordingly, the judgment of the district court is AFFIRMED. Taylor's motion for the appointment of counsel is DENIED.