IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 12, 2009

Charles R. Fulbruge III
Clerk

No. 07-51229

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

SCOTTY DUANE JACKSON

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas

Before GARWOOD, GARZA, and OWEN, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Defendant Scotty Duane Jackson violated the conditions of his original three-year term of supervised release. Following revocation, the district court resentenced Jackson to fifteen months of imprisonment and seven more years of supervised release. Jackson now contends that (1) the district court erroneously calculated the statutory maximum for his new term of supervised release and (2) his new seven-year term is unreasonable. For the following reasons, we affirm the judgment of the district court.

I

In 2004, Jackson pled guilty to possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Jackson was

sentenced to thirty months of imprisonment and three years of supervised release. In 2007, while on supervised release, Jackson pled guilty to assaulting his then-girlfriend. Jackson's release conditions were modified to include home confinement and a prohibition of any contact with the girlfriend. Jackson subsequently violated these conditions, and the government moved to revoke his supervised release. At the revocation hearing, Jackson admitted that he failed to follow the home-confinement rules, engaged in acts of intimidation against his former girlfriend, and failed to heed the instructions of his parole officer. The government asked for a lengthy sentence for the safety of the former girlfriend and the public. The district court determined that Jackson was subject to a maximum of two years' imprisonment and a life-term of supervised release pursuant to 18 U.S.C. § 3583(h). The court sentenced Jackson to fifteen months of imprisonment and seven years of supervised release. Jackson did not object at sentencing.

On appeal, Jackson challenged the reasonableness of his seven-year term of supervised release, arguing that his release violations were unrelated to drugs and not as serious as the district court suggested. A previous panel of this Court granted Jackson relief on different grounds. See United States v. Jackson, 285 Fed.Appx. 149, 150 (5th Cir. 2008) (unpublished). The panel, relying on United States v. Kelly, 974 F.2d 22 (5th Cir. 1992), sua sponte held that the maximum new term of supervised release authorized by statute was three years and modified Jackson's sentence accordingly. Jackson, 285 Fed.Appx at 150. The government subsequently petitioned for rehearing, arguing that Kelly had been abrogated by statute. This Court granted the petition for rehearing and withdrew the original panel opinion.

Jackson now contends that the district court erroneously calculated the statutory maximum, as the prior panel opinion first suggested. Jackson also

reiterates his original claim that his seven-year term of supervised release was unreasonable.

II

Jackson first contends that the district court erred in determining that the relevant statutes authorized up to a life-term of supervised release. He argues that, following the revocation of an initial term of supervised release, 18 U.S.C. § 3583 establishes a three-year maximum for a new term of supervised release. We review issues of statutory interpretation de novo. United States v. Ridgeway, 489 F.3d 732, 734 (5th Cir. 2007).

When an initial term of supervised release is revoked, the district court may impose a new term of supervised release as part of a revocation sentence. See § 3583(h). The maximum length of this new term is calculated as follows: "The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." Id. Jackson's original offense was a class-C felony in violation of § 841.

The present controversy arises from the interaction of two statutes. The specific drug statute under which Jackson was originally convicted requires a term of release of at least three years and establishes no upper limit. See 21 U.S.C. § 841(b)(1)(C). However, the general statute governing supervised release provides that, "[e]xcept as otherwise provided," the maximum term for class-C felonies is "not more than three years." See 18 U.S.C. § 3583(b). In Kelly, this Court harmonized the two statutes by holding that a defendant convicted of a class-C felony in violation of § 841 must "receive a supervised release term of not less than nor more than three years." Kelly, 974 F.2d at 24 (applying the general maximums in § 3583 to initial sentencing under § 841).

The prior panel in this case relied on Kelly and determined that Jackson could only receive a new term of exactly three years.

However, Kelly's relevant holding—that the three-year maximum in § 3583(b) applies during initial sentencing for a drug offense under § 841—has been abrogated by statute. In 2002, Congress amended § 841 to provide that, "[n]otwithstanding section 3583 of Title 18, any sentence imposing a term of imprisonment under this paragraph shall . . . impose a term of supervised release of at least 3 years." § 841(b)(1)(C) (emphasis added to indicate new text). The amendment was intended to clarify that the longer terms of supervised release under § 841, "which may include lifetime supervised release," controlled over the lesser maximums in § 3583(b). See H.R. Rep. No. 107-685 at 188–89 (2002) (Conf. Rep.); see also United States v. Johnson, 331 F.3d 962, 967 n.4 (D.C. Cir. 2003) (explaining that the 2002 amendment "mak[es] it clear that the term of supervised release for a conviction under [§ 841(b)(1)(C)] can exceed 3 years"). Accordingly, we now overrule Kelly in relevant part.

Jackson concedes that the general maximums found in § 3583(b) do not apply during initial sentencing under § 841—in other words, Jackson concedes that Kelly is no longer good law. Nonetheless, Jackson contends that the maximums in § 3583(b) do apply when a district court reimposes a new term of supervised release during revocation sentencing pursuant to § 3583(h). We have never addressed this issue. Jackson raises several statutory-interpretation arguments in favor of his construction of § 3583(h): First, he contends that application of a life-term would render § 3583(h) inoperable because § 3583(h) instructs the district court to subtract "any term of imprisonment that was imposed upon revocation" from the proposed new term of supervised release. According to Jackson, if the proposed new term of release was life (as permissible under § 841), then it would be impossible to subtract any numerical figure from that term. Second, Jackson contends that Congress could have

expressly imported the longer maximums of § 841 into revocation sentencing under § 3583(h) if such was their intent. Cf. § 3583(j) (noting that, "notwithstanding subsection (b), the authorized term of supervised release" for certain terrorism offenses "is any term of years or life."). Finally, Jackson also contends that the doctrine of constitutional avoidance favors his interpretation. According to Jackson, imposing a new term of supervised release that is longer than his original term of three years might violate the Double Jeopardy clause because he had a "legitimate expectation of finality in his original sentence." See United States v. Rodriguez, 114 F.3d 46, 48 (5th Cir. 1997) (explaining that resentencing does not constitute double jeopardy unless the defendant had a "legitimate expectation of finality").

We find that the district court did not err in calculating the maximum sentence. Jackson's basic argument—that a court should apply the maximums in § 3583(b) instead of those in § 841 during revocation sentencing under § 3583(h)—is contrary to the plain meaning of § 3583(h). Upon revocation, subsection (h) clearly establishes the maximum term of supervised release a court may reimpose: A court may reimpose up to "the term of release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation." § 3583(h) (emphasis added). Here, the offense that resulted in Jackson's original term of supervised release was a drug offense in violation of § 841(b)(1)(C). The term of release authorized for such an offense is any term three years or greater. Thus, under a plain reading of § 3583(h), the district court may impose any term three years or greater, less the fifteen months of new imprisonment Jackson received. Jackson's statutory-interpretation arguments in favor of the lesser maximums in § 3583(b) cannot overcome the plain meaning of § 3583(h).

Moreover, there is no danger of double jeopardy here: Post-revocation sanctions are not a separate penalty for purposes of the Double Jeopardy

5

clause—they are part of the penalty for the original offense. Johnson v. United States, 529 U.S. 694, 700–01 (2000). Jackson could not have had a "legitimate expectation of finality" in his original term of supervised release, as the statutory framework clearly authorizes a new and potentially longer term of supervised release upon revocation. See § 3583(h).

Finally, Jackson's proposed approach creates logical inconsistencies. Under Jackson's theory, when a defendant is convicted of a drug crime under § 841, the court can sentence him to a life-term of supervised release. However, if the defendant violates the conditions of his supervised release at the beginning of his life-term, then the court can only resentence him to a three-year term during revocation sentencing. This approach would frustrate the purpose of the longer terms of release found in § 841(b) and create an unintended benefit to violating the conditions of a lengthy initial term.

In sum, we hold that the plain language of § 3583(h) conditions the maximum new term of supervised release on the term authorized for the original criminal offense. The general maximums in § 3583(b) do not apply to revocation sentencing when the original offense was a conviction under § 841(b)(1)(C). Because the authorized term under § 841(b)(1)(C) is any term three years or greater, the district court did not err in holding the new maximum to be a life-term.

III

Jackson next contends that his seven-year term of supervised release was unreasonable. Because Jackson did not object to his revocation sentence in the district court, we review for plain error. See United States v. Peltier, 505 F.3d 389, 391–92 (5th Cir. 2007) (applying plain-error review to unraised issues regarding the reasonableness of a sentence); United States v. Ramirez, 264 Fed.Appx. 454, 457 (5th Cir. 2008) (unpublished) (applying plain-error review to unraised errors regarding a revocation sentence). Under this standard,

Jackson must show (1) an error; (2) that is plain; and (3) that affected his substantial rights. Peltier, 505 F.3d at 392.

Jackson first contends that his supervised-release term was overly long because his release violations did not implicate the drug-related concerns of § 841. It is true that Congress authorized lengthy supervised-release terms in § 841 in order to combat drug-related offenses. See United States v. Eng, 14 F.3d 165, 172–73 (2d Cir. 1994). However, Jackson cites to no authority requiring a nexus between the type of release violation and the underlying purpose of the original statute. As noted above, post-revocation sanctions are considered part of the penalty for the original offense. Johnson, 529 U.S. at 700–01.

Second, Jackson contends that the district court overstated the seriousness of his release violations. He argues that his actions toward his former girlfriend "did not point to a threat of harm" such as to justify a seven-year term. See 18 U.S.C. § 3553(a)(2)(C) (citing the need to "protect the public" as an appropriate sentencing factor). After Jackson was instructed to have no further contact with his former girlfriend, the evidence indicates that Jackson (1) sent her a verbal message that he could "get her anytime"; (2) sent her several letters blaming her for his problems; and (3) waited outside her house in the very early morning to tell her to drop the charges against him. Given Jackson's past assault of the former girlfriend, the district court's determination that Jackson posed a legitimate threat was reasonable. Accordingly, the district court did not commit plain error in sentencing Jackson to a seven-year term of supervised release.

V

For the foregoing reasons, the judgment of the district court is AFFIRMED.