**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 11, 2009

Charles R. Fulbruge III
Clerk

No. 07-51431
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAYMUNDO ROSALES,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:04-CR-368-ALL

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Raymundo Rosales appeals the three-year term of supervised release imposed by the district court following the revocation of his supervised release. In 2004, Raymundo Rosales pleaded guilty to importation of less than 50 kilograms of marijuana and possession with intent to distribute less than 50 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D), 952(a), and 960(a)(1) & (b)(4). Rosales was sentenced to 21 months of imprisonment

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

followed by a three-year term of supervised release on each count, to be served concurrently. In 2007, the district court revoked Rosales's original term of supervised release and sentenced him to a 10-month term of imprisonment and a three-year term of supervised release on each count to run concurrently.

Rosales does not challenge the 10-month sentence imposed by the district court but instead contends that the district court erred in imposing a three-year term of supervised release upon revocation of his original term of supervised release. Rosales challenges the district court's interpretation of 18 U.S.C. § 3583 and the supervised release provisions of 21 U.S.C. §§ 841 and 960, asserting that under § 3583, the district court was required to deduct any term of imprisonment imposed upon revocation from the maximum three-year term of supervised release. This court reviews a district court's statutory interpretation de novo. *United States v. Ridgeway,* 489 F.3d 732, 734 (5th Cir. 2007).

Section 3583(h) allows a district court to impose a new term of supervised release after revoking a prior term. The length of the new supervised release term may not exceed the term of supervised release authorized by the statute for the underlying offense "less any term of imprisonment that was imposed upon revocation of supervised release." § 3583(h). Both § 841(b)(1)(D) and § 960(b)(4) provide only minimum terms of at least two years of supervised release. However, in 2002, Congress amended Rosales's statutes of conviction to provide certain terms of supervised release "[n]otwithstanding section 3583 of Title 18." *See* 21st Century Department of Justice Appropriations Authorization Act, Pub. L. No. 107-273, § 3005(a), 116 Stat. 1758, 1805 (amending § 841(b)(1)); Pub. L. No. 107-273, § 3005(b), 116 Stat. at 1806 (amending § 960(b)(4)).

We recently considered and rejected arguments almost identical to those that Rosales raises on rehearing in *United States v. Jackson*, 559 F.3d 368, 370-72 (5th Cir. 2009). Although we did not address § 960 in *Jackson*, we made it clear that "the plain language of § 3583(h) conditions the maximum new term of supervised release on the term authorized for the original criminal offense."

*Id.* at 371. Our holding in *Jackson* overruled *United States v. Kelly*, 974 F.2d 22, 24-25 (5th Cir. 1992) in relevant part, *see id.*, and therefore Rosales's reliance on *Kelly* is unavailing.

In this case, both § 841 and § 960 provide an authorized term of supervised release upon revocation of any term two years or greater, up to life. *See* §§ 841(b)(1)(D), 960(b)(4); *see also Jackson*, 559 F.3d at 370-71. Thus, our reasoning in *Jackson* is applicable in this case. Accordingly, the district court did not err in sentencing Rosales to concurrent three-year terms of supervised release.

The judgment of the district court is AFFIRMED.