# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 17, 2011

Lyle W. Cayce
Clerk

No. 10-30365
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DONALD ELLERY CARTER, also known as Boss Carter,

Defendant-Appellant

Consolidated with
No. 10-30366

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DONALD ELLERY CARTER,

Defendant-Appellant

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-CR-210-1

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Donald Ellery Carter appeals his 60-month sentence imposed following the revocation of his supervised release. Carter argues that the revocation sentence was unreasonable.

Post-*Booker*, revocation sentences are ordinarily reviewed under a "plainly unreasonable standard." *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). However, where the defendant made no objection to his revocation sentence in the district court, review of the sentence is for plain error only. *United States v. Jones,* 484 F.3d 783, 792 (5th Cir. 2007). To show plain error, the defendant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If the defendant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Carter argues that the revocation sentence was unreasonable because the district court improperly considered the factors of 18 U.S.C. § 3553(a)(2)(A), i.e., the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense. Because Carter failed to object to the use of the § 3553(a)(2)(A) factors in determining his sentence, the applicable standard of review for this issue is plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009). This court recently determined that "it is improper for a district court to rely on § 3553(a)(2)(A) for the modification or revocation of a supervised release term." *United States v. Miller,* 634 F.3d 841, 844 (5th Cir. 2011). The district court, however, did not clearly consider the factors set forth in § 3553(a)(2)(A). Thus,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the district court did not commit clear or obvious error. *See Puckett,* 129 S. Ct. at 1429.

Carter also argues that the district court's reliance on his heroin conviction in order to revoke his supervised release violated the Double Jeopardy Clause. He has not shown plain error with respect to this issue because there is no double jeopardy protection against the imposition of a sentence following revocation of supervised release, as such a sentence is considered to be part of the penalty for the original conviction. *See Puckett*, 129 S. Ct. at 1429*; United States v. Jackson*, 559 F.3d 368, 371 (5th Cir. 2009).

Finally, Carter argues that the revocation sentence, which was above the advisory policy range but within the statutory maximum, was excessive. This court has affirmed revocation sentences above the advisory policy range but within the statutory maximum. *See United States v. Whitelaw,* 580 F.3d 256, 265 (5th Cir. 2009). Thus, Carter has failed to demonstrate error, plain or otherwise. *See Miller*, 634 F.3d at 843. Accordingly, the judgment of the district court is AFFIRMED.