**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Jessie BERRY, also known as Korey**
**Berry, Defendant–Appellant.**

No. 11–50176
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 19, 2011.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

James Steven Hershberger, Midland, TX, for Defendant–Appellant.

Before BARKSDALE, STEWART, and PRADO, Circuit Judges.

PER CURIAM: *

Jessie Berry appeals the sentence imposed upon revocation of his supervised release subsequent to his conviction for possession, with intent to distribute, crack cocaine, in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Berry to a within-guidelines sentence of seven months' imprisonment and 29 months' supervised release. One of the special conditions of supervised release imposed by the district court was six months' home confinement with, *inter alia*, electronic monitoring.

Berry contends his sentence was greater than necessary to satisfy the 18 U.S.C. § 3553 sentencing factors. Along that line, he asserts: his history on supervised release demonstrated a satisfactory record; and his violations of supervised release were based merely on his failure to report an arrest to his probation officer. Berry does *not* claim procedural error. Thus, the only issue on appeal is the substantive reasonableness of his sentence.

Because Berry did *not* raise his substantive-unreasonableness claim in district court, it is subject only to plain-error review. *E.g., Puckett v. United States,* 556 U.S. 129, 129 S.Ct. 1423, 1428–29, 173 L.Ed.2d 266 (2009); *United States v. Peltier,* 505 F.3d 389, 391–92 (5th Cir.2007). To establish reversible plain error, Berry must show a clear or obvious error affecting his substantial rights. *E.g., Puckett,* 129 S.Ct. at 1429. Even if reversible plain error is shown, our court retains discretion to correct it and will do so only if the error "seriously affects the fairness, integrity or public reputation of judicial proceedings". *Id.* (citation and internal quotation marks omitted).

Berry concedes that the statutory-maximum term of imprisonment for revocation of supervised release is 24 months. Under 18 U.S.C. § 3583(h) and 21 U.S.C. § 841(b), the applicable statutory-maximum term of post-revocation supervised release is life. *See United States v. Jackson,* 559 F.3d 368, 372 (5th Cir.2009). The sentence imposed by the district court did *not* exceed the applicable statutory maximums. Nor, on this record, is the home-confinement special condition unreasonable. In sum, there is no error. *See, e.g.,*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*United States v. Whitelaw,* 580 F.3d 256, 265 (5th Cir.2009).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.