# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 14, 2012

No. 11-60642
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

JOHN STEPHENS, JR.,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:04-CR-20-2

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

John Stephens, Jr., convicted following a guilty plea of conspiracy to possess with intent to distribute cocaine base, appeals from the sentence imposed following the revocation of his supervised release. He challenges the supervised release term of 53 months and 29 days, arguing that the supervised release term was greater than necessary for purposes of 18 U.S.C. § 3553(a) and that the district court failed to articulate why the term would satisfy the goals of § 3553(a). Stephens argues that the "unusually long" supervised release term

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was unreasonable because he had lost his job, there was death in his family, and his home was partially burned in a fire.

Revocation sentences generally are reviewed under 18 U.S.C. § 3742(a)'s "plainly unreasonable" standard. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir.), *cert. denied,* 132 S. Ct. 496 (2011). Because Stephens did not argue in the district court that the supervised release term was greater than necessary for purposes of § 3553(a) and that the district court failed to justify the length of the term in reference to § 3553(a), review is for plain error. *See United States v. Jackson*, 559 F.3d 368, 372 (5th Cir. 2009); *United States v. Whitelaw,* 580 F.3d 256, 259-60 (5th Cir. 2009). Under the plain error standard, Stephens must show a clear or obvious error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). This court has discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *See id.*

At the revocation hearing, the district court considered testimony regarding Stephens's job loss, the death in the family, and the fire, but it determined that the near 54-month term of supervised release was appropriate. Although the district court did not expressly cite § 3553(a) in imposing the revocation sentence, the court considered at length the nature and circumstances of Stephens's supervised release violations and his history and characteristics. *See* § 3553(a)(1); *Whitelaw*, 580 F.3d at 262-65; *United States v. Gonzalez*, 250 F.3d 923, 930 (5th Cir. 2001). Stephens has not shown that the district court plainly erred in imposing the supervised release term. *See Jackson*, 559 F.3d at 372; *Whitelaw*, 580 F.3d at 259-60.

AFFIRMED.