**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 9, 2012

No. 11-40541

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee

v.

EMILY TOVAR,

Defendant–Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-07-CR-405

Before KING, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant–Appellant Emily Tovar appeals the district court's judgment revoking her term of supervised release and sentencing her to seven months of imprisonment. For the reasons stated herein, we AFFIRM.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 2007, Defendant–Appellant Emily Tovar ("Tovar") pleaded guilty to the charge of transporting an undocumented alien within the United States by means of a motor vehicle for private financial gain, in violation of 8

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-40541

U.S.C. § 1324(a)(1)(B)(i) and 18 U.S.C. § 2. Tovar was sentenced to ten months' imprisonment, to be followed by three years of supervised release. Among other things, Tovar's conditions of supervised release required her to refrain from committing new offenses and to report to her probation officer within 72 hours of an arrest. Tovar began her supervised release term in August 2008.

In October 2010, Tovar was arrested by U.S. Border Patrol agents for transporting undocumented aliens by means of a motor vehicle for private financial gain in violation of 8 U.S.C. § 1324(a)(1)(B)(i). The next month, the U.S. Probation Office filed a petition to revoke Tovar's supervised release, based in part upon this new offense and in part upon her failure to timely report the October 2010 arrest to her probation officer.[1] The government also filed a new indictment against Tovar based upon the October 2010 arrest.

In April 2011, Tovar appeared for her revocation hearing before the district court, which was conducted at the same time as her sentencing for the new offense of transporting undocumented aliens. At the hearing, Tovar admitted that she had violated the conditions of her supervised release by committing a new criminal offense and by failing to timely report her arrest to her probation officer. The district court imposed a seven month imprisonment term upon revocation of supervised release, to be served consecutively to a twenty-one month sentence with respect to Tovar's new offense. Tovar did not object to the imposition of the sentence. This appeal followed.

## II. STANDARD OF REVIEW

We review sentences imposed following revocation of supervised release under the "plainly unreasonable" standard stated in 18 U.S.C. § 3742(a). *See United States v. Miller*, 634 F.3d 841, 843 (5th Cir.), *cert. denied*, 132 S. Ct. 496

---

[1] The revocation petition was also based upon Tovar's failure to participate in anger management classes and association with a convicted felon. The district court, however, based its revocation determination solely upon the violations discussed herein.

No. 11-40541

(2011). Because Tovar did not object to her sentence in the district court, our review in this case is limited to plain error. *United States v. Jackson*, 559 F.3d 368, 372 (5th Cir. 2009). Under this standard, Tovar must show "(1) an error; (2) that is plain; and (3) that affected [her] substantial rights." *Id.* (citation omitted). If the first three elements of plain error are satisfied, then "we may exercise our discretion to correct the error if it 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *United States v. John*, 597 F.3d 263, 285 (5th Cir. 2010) (alteration in original) (citing *Puckett v. United States*, 556 U.S. 129, 135 (2009)). "Meeting all four prongs of plain-error review is difficult, as it should be." *Id.* (citation and internal quotation marks omitted).

### III. DISCUSSION

When a district court revokes a defendant's supervised release and imposes a term of imprisonment, it may impose any sentence that falls within the statutory maximum term of imprisonment allowed for a revocation sentence. *See* 18 U.S.C. § 3583(e)(3). In imposing a sentence, however, the district court must consider the factors enumerated under 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3583(e). In *United States v. Miller*, 634 F.3d 841 (5th Cir. 2011), we addressed whether this directive extends to the factors listed in § 3553(a)(2)(A), which requires a court to consider the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). We observed that "Congress deliberately omitted that factor from the permissible factors enumerated in [§ 3583(e)]," and therefore concluded that "it is improper for a district court to rely on § 3553(a)(2)(A) for the modification or revocation of a supervised release term." *Miller*, 634 F.3d at 844. On appeal, Tovar contends that the district court violated *Miller* and committed plain error because it considered the § 3553(a)(2)(A) factors when it imposed the seven month sentence after it revoked her supervised release.

No. 11-40541

As noted above, the district court imposed Tovar's revocation sentence during the same hearing at which it imposed her sentence for the new criminal offense. After considering various other factors, such as Tovar's criminal history, the need to deter future criminal conduct, and the need to protect the public, the court explained:

> What I'm going to do in this particular case is, I'm going to impose a sentence for the underlying conviction at the—at the high end of the guideline range to provide proper deterrence to you. I believe that the Court should also impose a sentence at the middle of the guideline range for the supervised release violation.
>
> If this were the first time that you were appearing—or the second time that you were appearing before the Court on this type of conduct, perhaps a lower sentence on the supervised release violation might be warranted, but it's—it's not. So, therefore, the Court believes that to impose an appropriate sentence that provides just punishment, the total term of incarceration of 28 months will be necessary in this case.

The court then announced a twenty-one month sentence with respect to the violation of § 1324(a)(1)(B)(i) and a consecutive seven month sentence for Tovar's supervised release violation. After reviewing the sentencing transcript, it is simply unclear to us whether the district court incorrectly relied upon the "just punishment" factor of § 3553(a)(2)(A) when it imposed Tovar's seven month term of imprisonment.

Nevertheless, if we assume *arguendo* that the district court erroneously considered the "just punishment" factor, Tovar's claim must fail because she has not demonstrated that the district court's assumed error affected her substantial rights. "In the sentencing context, we have held that an appellant can show an impact on substantial rights—and therefore a basis for reversal on plain error review—where the appellant can show a reasonable probability that, but for the district court's error, the appellant would have received a lower sentence." *United States v. Davis*, 602 F.3d 643, 647 (5th Cir. 2010). To meet this burden,

No. 11-40541

"the defendant [must] show that the error actually did make a difference: if it is equally plausible that the error worked in favor of the defense, the defendant loses; if the effect of the error is uncertain so that we do not know which, if either, side it helped the defendant loses." *United States v. Mares*, 402 F.3d 511, 521 (5th Cir. 2005) (citation and internal quotation marks omitted). Tovar bears the burden of establishing reasonable probability. *See Davis*, 602 F.3d at 647-48; *United States v. Olano*, 507 U.S. 725, 734 (1993).

To meet her burden, Tovar argues only that "[i]t is clear from the record that the district court intended to get Ms. Tovar's attention and/or punish her." The record is at best ambiguous on this point.[2] After discussing Tovar's anger management issues and certain familial obligations, the court explained that it would impose "a pretty significant sentence" to "get [Tovar's] attention," in light of her previous offenses, and noted that the sentence might have been lower if this was the "first time . . . or the second time" that she appeared in court. In stating that it needed to get Tovar's attention, the court further explained, "in other words, I need to deter you from future criminal conduct, as well as others that might be inclined to engage in similar behavior. And the Court needs to protect the public." These are valid considerations upon revocation of supervised release. *See* 18 U.S.C. § 3553(a)(2)(B), (C). The court also explained that Tovar was "going down the wrong path," and that a reduced sentence would not help her. Although the court specifically cited Tovar's recidivism when it imposed her revocation sentence, it is unclear whether this reflects the court's intent to punish Tovar or instead its desire to afford adequate deterrence and to protect the public, as it stated at other times during the sentencing hearing. Tovar

---

[2] As the district court imposed Tovar's sentence for her new offense at the same time that it imposed her revocation sentence, it did not clearly separate the rationales underlying each imprisonment term. For purposes of this appeal, we assume that the district court's justifications are equally applicable to both sentences.

cannot satisfy her burden by relying upon such ambiguity or uncertainty in the record. *See Mares*, 402 F.3d at 521; *see also United States v. Campo–Ramirez*, 379 F. App'x 405, 409 (5th Cir. 2010) ("[E]vidence cannot be of ambiguous or uncertain effect; the defendant must prove that the error affected the sentencing outcome.") (citation and internal quotation marks omitted).

This case is unlike *United States v. Hudson*, 457 F. App'x 417 (5th Cir. 2012), where a panel of this court found that a district court's erroneous use of the § 3553(a)(2)(A) factors affected the defendants' substantial rights. *Id.* at 419-20. There, the district court listed "factors it 'should consider' under 3553(a) in pronouncing the sentence," but actually "discussed only two facts expressly not permitted to be considered under *Miller*—the seriousness of the offense and punishment." *Id.* at 419. Here, in contrast, the district court made one unambiguous reference to "just punishment," and otherwise relied upon permissible considerations, including Tovar's personal history and characteristics, the need for adequate deterrence, and the need to protect the public. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(B), (C). These other factors all support the seven month sentence that the district court imposed, which was within the Guidelines range of four to ten months and well below the two year maximum. *See* 18 U.S.C. § 3583(e)(3); U.S.S.G. § 7B1.4.

Because Tovar has failed to demonstrate that the district court's reference to "just punishment" affected her substantial rights, she has failed to establish plain error. *See United States v. Jackson*, 559 F.3d 368, 372 (5th Cir. 2009). We must therefore affirm her sentence.

## IV. CONCLUSION

For the foregoing reasons, the district court's judgment of conviction and sentence is AFFIRMED.