# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 19, 2012

No. 12-20025
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARLOS CASTANEDA-ESTUPINAN, also known as Carlos Estupinan-Castaneda,

Defendant-Appellant

Cons. w/ No. 12-20031

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARLOS CASTANEDA-ESTUPINAN, also known as Carlos Estupinan-Castaneda, also known as Carlos Castaneda-Estupian, also known as Carlos Castaneda-Estupinan, also known as Carlos Castaneda Estupian,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CR-191-1
USDC No. 4:11-CR-603-1

No. 12-20025
c/w No. 12-20031

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Carlos Castaneda-Estupinan appeals the 30-month sentence imposed following his conviction for illegal reentry following deportation in violation of 8 U.S.C. § 1326(a) and (b).  He also appeals the consecutive 24-month sentence imposed following the revocation of his supervised release related to his prior conviction for felony possession of a firearm.

Castaneda-Estupinan challenges the imposition of a term of supervised release in his illegal reentry case as procedurally and substantively unreasonable.  In his reply brief, he concedes that his challenges to the procedural unreasonableness of his supervised release are foreclosed by *United States v. Dominguez-Alvarado*, 695 F.3d 324 (5th Cir. 2012), and he states that he wishes to raise the issues to preserve them for further review.  As for the substantive reasonableness challenge, the district court articulated an acceptable reason for imposing a term of supervised release on Castaneda-Estupinan, *see id.*, and the record does not suggest that the imposition of a term of supervised release was otherwise unreasonable.

Castaneda-Estupinan also argues that the district court erred when it relied on the prohibited sentencing factor of "punishment" when it imposed his revocation sentence.  He concedes that we should review this issue for plain error.  To show plain error, he must show a forfeited error that is clear or obvious and that affects his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Even assuming arguendo that the district court relied on an impermissible sentencing factor when imposing the revocation sentence, Castaneda-Estupinan has not shown that such error affected his substantial rights because the district court also relied on permissible 18 U.S.C. § 3553(a)(2) sentencing factors when imposing the revocation sentence, and the record does not unambiguously indicate that, absent any such error, his revocation sentence would have been less. *See United States v. Miller*, 634 F.3d 841, 844 (5th Cir.), *cert. denied*, 132 S. Ct. 496 (2011); *United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005); *see also United States v. Tovar*, 480 F. App'x 345, 348-49 (5th Cir. 2012).

Finally, Castaneda-Estupinan argues that his individual and aggregate sentences are procedurally and substantively unreasonable because the district court failed to adequately address his "nonfrivolous" arguments for lower sentences and for the sentences to run concurrently and because the district court did not accurately weigh and consider the § 3553(a) factors. The record establishes that the court considered the arguments that were presented to it and provided reasoned bases for the sentences imposed. *See Rita v. United States*, 551 U.S. 338, 356 (2007). Castaneda-Estupinan's within-guidelines illegal reentry sentence is presumptively substantively reasonable, *see United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008), and his disagreement with the propriety of the sentence imposed does not rebut the presumption of reasonableness. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). Moreover, we have routinely upheld revocation sentences exceeding the recommended range, even where the sentence is the statutory maximum. *See, e.g., United States v. Jones*, 182 F. App'x 343, 343-44 (5th Cir. 2006). Finally, the district court did not abuse its discretion in imposing a consecutive revocation sentence, *see United States v. Whitelaw*, 580 F.3d 256, 260 (5th Cir. 2009), and Castaneda-Estupinan has not shown that the

aggregate sentence was procedurally or substantively unreasonable. The judgments of the district court are AFFIRMED.