# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 29, 2013

No. 11-50915
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VICTOR MANUEL VARELA-CASTILLO, also known as Victor Manuel Varela
Castillo,

Defendant-Appellant

Cons. w/ No. 11-50926

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VICTOR MANUEL VARELA-CASTILLO,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:10-CR-226-1
USDC No. 2:11-CR-103-1

No. 11-50915
c/w No. 11-50926

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Victor Manuel Varela-Castillo pled guilty to illegal reentry following deportation in violation of 8 U.S.C. § 1326. He was sentenced within the Guidelines range to 37 months of imprisonment followed by three years of supervised release. The district court also revoked Varela-Castillo's supervised release on a prior conviction and imposed a consecutive sentence within the advisory range of 21 months followed by 15 months of supervised release. Varela-Castillo now appeals.

Varela-Castillo challenges the substantive reasonableness of his sentence on the new conviction, arguing that his sentence should not have been imposed consecutively to the sentence on his revocation. Varela-Castillo also contends that consecutive sentences are *per se* unreasonable and that his revocation sentence violates the prohibition against double jeopardy. Further, he challenges the application of U.S.S.G. § 2L1.2 in calculating his Guidelines range because he asserts that the guideline is not empirically based.

Although Varela-Castillo argued for concurrent sentences, he failed to object to the sentence imposed. Because Varela-Castillo did not object to the reasonableness of his sentence after it was imposed, review is arguably for plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007)*; but see United States v. Flanagan*, 87 F.3d 121, 124 (5th Cir. 1996). This court need not determine whether plain error review is appropriate because Varela-Castillo's arguments fail even under the abuse-of-discretion standard of review. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50915
c/w No. 11-50926

The substantive reasonableness of a sentence is reviewed for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). Varela-Castillo's sentence was within the Guidelines range, making his sentence presumptively reasonable. *See United States v. Cooks,* 589 F.3d 173, 186 (5th Cir. 2009).

With regard to Varela-Castillo's arguments that the two sentences combined to produce an unreasonable total prison term, this court has rejected similar arguments. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 808-09 (5th Cir. 2008). Accordingly, the court did not err, plainly or otherwise, in ordering consecutive sentences.

There is no double jeopardy violation arising from the sentence. "Post-revocation sanctions are not a separate penalty for purposes of the Double Jeopardy clause – they are part of the penalty for the original offense." *United States v. Jackson*, 559 F.3d 368, 371 (5th Cir. 2009). Additionally, Varela-Castillo's argument challenging the application of Section 2L1.2 has been consistently rejected. *See United States v. Rodriguez*, 660 F.3d 231, 232-33 (5th Cir. 2011); *United States v. Duarte*, 569 F.3d 528, 529-30 (5th Cir. 2009).

Varela-Castillo also challenges his revocation sentence. He argues the district court plainly erred in combining the revocation proceeding with the sentencing on the new offense, relying on prohibited sentencing factors of 18 U.S.C. § 3553(a)(2)(A) when it imposed his revocation sentence, and by failing to articulate reasons for rejecting his mitigation arguments.

Because no objections were made at the revocation hearing, our review of the revocation sentence is limited to plain error. *See United States v. Whitelaw,* 580 F.3d 256, 259-60 (5th Cir. 2009). Plain error requires there be a forfeited error that is clear or obvious and that affects the defendant's substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If such a showing is made, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

No. 11-50915
c/w No. 11-50926

Varela-Castillo acknowledges that he was unable to locate any authority for his assertion that the district court erred by conducting the sentencing hearing and the revocation hearing during the same proceeding. Therefore, he cannot establish that the court committed clear or obvious error. Accordingly, he fails to establish plain error resulting from conducting the proceedings together. *See id.*; *see also United States v. Rodriguez-Parra*, 581 F.3d 227, 231 (5th Cir. 2009) (explaining that an error is plain where it is "clear or obvious rather than subject to reasonable dispute").

Even if we assume the district court relied on an impermissible sentencing factor when imposing the revocation sentence, Varela-Castillo has not shown that such error affected his substantial rights. That is because the district court also relied on permissible 18 U.S.C. § 3553(a)(2) sentencing factors when imposing the revocation sentence, and the record does not unambiguously indicate that, absent any such error, his revocation sentence would have been less. *See United States v. Miller*, 634 F.3d 841, 844 (5th Cir. 2011).

Varela-Castillo's claim that the district court failed to provide adequate reasons for rejecting his mitigating arguments is not supported by the record. We disagree, as the district court provided detailed reasons for the imposition of Varela-Castillo's sentence.

Accordingly, the judgments of the district court are AFFIRMED.