# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 25, 2013

Lyle W. Cayce
Clerk

No. 12-50173
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PEDRO TORRES-VASQUEZ, also known as Pedro Torres,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:05-CR-635-2

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Pedro Torres-Vasquez (Torres) appeals his above guidelines 24-month imprisonment term and life term of supervised release imposed upon the second revocation of his supervised release. Torres argues that the sentence is unreasonable.

Revocation sentences generally are reviewed under 18 U.S.C. § 3742(a)'s "plainly unreasonable" standard. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir.), *cert. denied*, 132 S. Ct. 496 (2011). However, because no objections were

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

made at the revocation hearing, this court's review of Torres's revocation sentence is limited to plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009). To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Torres argues that his sentence is unreasonable because it is greater than necessary to achieve the goals of sentencing in 18 U.S.C. § 3553. Torres argues that a sentence within the advisory guideline range would have been sufficient considering that his violations were not drug related and reflected only his continuing struggle to control his anger during an argument. However, the district court expressly "considered the policy statements contained within Chapter 7 of the sentencing guidelines manual and [found] their application to be inadequate." Although the district court did not expressly refer to § 3553, it was aware of Torres's history and characteristics in that it presided over his first revocation proceeding. Furthermore, the district court's comments regarding Torres's "smart aleck" attitude reveal its determination that a guidelines sentence would not adequately deter Torres's propensity for failing to follow the rules and would not sufficiently protect the public. *See* § 3553(a)(2)(B)-(C). Therefore, Torres has not shown that the district court failed to consider the sentencing factors in § 3553. *See Whitelaw*, 580 F.3d at 261. Torres's sentence of 24 months, to be followed by a lifetime of supervised release, is within the statutory maximum revocation penalty and does not constitute error, much less plain error. *See Puckett*, 556 U.S. at 135.

Torres also argues that the Double Jeopardy Clause was violated when the district court increased his supervised release term from five years to life. As he

acknowledges, however, this argument is foreclosed by *United States v. Jackson*, 559 F.3d 368, 371 (5th Cir. 2009).

AFFIRMED.