# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50981
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 23, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FERNANDO FRIAS-GARCIA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:06-CR-762-1

Before  DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Fernando Frias-Garcia pleaded guilty pursuant to a plea agreement to possession with intent to distribute more than five kilograms of cocaine. In the plea agreement, Frias-Garcia agreed to waive all of his rights to appeal his sentence, if within the statutory maximum, and to contest his conviction and sentence in any collateral proceeding with the reservation that he could bring a challenge based on ineffective assistance of counsel or prosecutorial

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

misconduct.  On July 16, 2007, the district court sentenced him at the bottom of the applicable guidelines range to 120 months of imprisonment, with a 5-year term of supervised release.  On September 30, 2013, the district court granted Frias-Garcia an out-of-time appeal.

Frias-Garcia argues that his guilty plea was not knowing and voluntary for three reasons.  All of these claims will be reviewed for plain error because Frias-Garcia did not object to the district court's alleged errors.  *See United States v. Vonn*, 535 U.S. 55, 62-63 (2002).  To show plain error, Frias-Garcia must show a forfeited error that was "clear or obvious, rather than subject to reasonable dispute," and that the error affected his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  The record shows that the district court informed Frias-Garcia that he faced a possible sentence that included a term of not less than five years of supervised release.  This admonition includes the possibility of a maximum term of life, as that could be greater than five years.  *See United States v. Jackson*, 559 F.3d 368. 371 (5th Cir. 2009).  Frias-Garcia has shown no error, plain or otherwise, with respect to this issue.

Second, Frias-Garcia argues that his plea was not knowing and voluntary because the district court violated Federal Rule of Criminal Procedure 11(b)(1)(G) by failing to explain the nature of the charge against him.  The district court informed him that he was charged with possession with the intent to distribute more than five kilograms of cocaine.  The district court determined that he had consulted with his attorney and understood his plea agreement and the statement of facts it contained.  The statement of facts specifically indicated that Frias-Garcia "knew or remained deliberately ignorant of the fact that there was cocaine in the vehicle and possessed the cocaine with the intent to distribute the cocaine."  A reasonable person would not doubt that Frias-Garcia understood the charge against him in light of the

record as a whole. *See United States v. Reyna*, 130 F.3d 104, 110 (5th Cir. 1997). Frias-Garcia has not established plain error with respect to this issue.

Third, Frias-Garcia argues that the district court violated Federal Rule of Criminal Procedure 11(b)(3) because there was an insufficient factual basis for his plea. In reviewing Frias-Garcia's claim for plain error, this court examines the entire record for facts supporting the plea, including "fairly drawn inferences from the evidence presented both post-plea and at the sentencing hearing." *United States v. Trejo*, 610 F.3d 308, 317 (5th Cir. 2010). At sentencing, Frias-Garcia admitted that he suspected he was carrying drugs. Frias-Garcia has not established plain error with respect to this issue.

Frias-Garcia argues that his sentence is substantively unreasonable because the district court did not grant the Government's U.S.S.G. § 5K1.1 motion for a downward departure. The Government correctly argues that this issue is barred by Frias-Garcia's waiver of his right to appeal his sentence. *See United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005).

Finally, Frias-Garcia argues that the district court erred in depriving him of his federal benefits for five years pursuant to 21 U.S.C. § 862(a) and in recommending that he not receive any sentence reduction for drug treatment and counseling under 18 U.S.C. § 3621. Both of these issues are moot. *See Ctr. for Biological Diversity, Inc. v. BP America Prod. Co.*, 704 F.3d 413, 431 (5th Cir. 2013).

AFFIRMED.