# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 16-50645
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**
January 31, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JASON BAILEY PEEK,

Defendant-Appellant

————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:12-CR-16-1

————

Before BENAVIDES, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jason Bailey Peek appeals the sentence imposed following the revocation of his supervised release subsequent to his conviction for being a felon in possession of a firearm. Peek argues that the district court failed to provide sufficient reasons for his 24-month sentence, which was outside of the recommended guidelines range. He also argues that his sentence was unreasonable because it "punished Peek not for violations of trust, but for the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

uncharged criminal conduct implicit in his drug use," which violated the conditions of his supervised release.

We generally review revocation sentences under the "plainly unreasonable" standard. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). In this case, however, because Peek did not object to the sentence in the district court, our review is for plain error only. *See United States v. Jones*, 484 F.3d 783, 792 (5th Cir. 2007). To show plain error, Peek must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

Contrary to Peek's assertion, the district court gave adequate reasons for his sentence, including the need for his sentence to afford adequate deterrence to Peek to prevent further violations and to address the seriousness of his conduct. The district court also noted that, despite having been given assistance in complying with his supervised release conditions through drug counseling, Peek nevertheless violated those conditions by continuing to use drugs. Moreover, because Peek has not shown that the district court's alleged failure to provide more specific reasons for the sentence affected his substantial rights or the public reputation of the judicial proceedings, he has failed to show reversible plain error. *See United States v. Whitelaw*, 580 F.3d 256, 263-65 (5th Cir. 2009).

Because the 24-month sentence Peek received on revocation was not greater than what is authorized by statute, it is "thus clearly legal." *United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997). Moreover, we have "routinely upheld revocation sentences exceeding the recommended range, even where

the sentence is the statutory maximum." *United States v. Castaneda-Estupinan*, 503 F. App'x 275, 276-77 (5th Cir. 2012); *see also Jones*, 484 F.3d at 792 (holding statutory maximum revocation sentence not to be plain error). The district court's judgment is therefore AFFIRMED.