# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40521
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 2, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FABIAN FLORES,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:07-CR-26-1

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:*

Fabian Flores has appealed the sentence received following the revocation of his supervised release term. The district court imposed a statutory maximum 24-month term of imprisonment, to be followed by an additional two-year term of supervised release. On appeal, Flores asserts that the sentence is procedurally unreasonable because the district court improperly considered factors listed in 18 U.S.C. § 3553(a)(2)(A).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40521

Alternatively, he maintains that the district court's consideration of those factors rendered his sentence substantively unreasonable.  Finally, Flores contends that the extension of supervised release exceeded the statutory maximum under 18 U.S.C. § 3583(h).

Ordinarily, we review revocation sentences under a plainly unreasonable standard. *United States v. Warren*, 720 F.3d 321, 326 (5th Cir. 2013).  Because no objection was made at the revocation hearing to the district court's consideration of improper factors, however, we review Flores's challenge to the procedural unreasonableness of his sentence for plain error.  *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009).  To show plain error, Flores must show a forfeited error that is clear or obvious and that affects his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, this court has the discretion to correct the error but will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*

Because § 3583(e) omits from its directive the sentencing factors listed in § 3553(a)(2)(A), which include the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," § 3553(a)(2)(A), a district court may not rely on these factors in its imposition of a revocation sentence. *United States v. Miller*, 634 F.3d 841, 844 (5th Cir. 2011).  To the extent that the district court considered the seriousness of the assault giving rise to Flores's revocation proceedings or the need for just punishment for that violation, these were not the dominant factors in the court's sentencing decision; rather, the dominant factors in determining the length of the sentence were the district court's consideration of other, permissible factors.  *See* § 3553(a)(1), (2)(B), (2)(C); *United States v. Rivera*, 784 F.3d 1012, 1017 (5th Cir. 2015).

2

A revocation sentence is substantively unreasonable if the district court did not take into account a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or made a clear error in judgment when balancing the sentencing factors. *Warren*, 720 F.3d at 332. Flores has not shown that the court gave significant weight to the improper factors of the seriousness of the violation or the need for just punishment. *See id.* His 24-month sentence, which does not exceed the statutory maximum, is substantively reasonable. *See id.* at 326, 332; *Whitelaw*, 580 F.3d at 259, 265.

We review de novo Flores's argument that the supervised release portion of his revocation sentence exceeds the statutory maximum. *See United States v. Vera*, 542 F.3d 457, 459 (5th Cir. 2008). When a defendant's supervised release is revoked and the district court sentences the defendant to a term of imprisonment followed by a term of supervised release, the term of supervised release "shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less than any term of imprisonment that was imposed upon revocation of supervised release." § 3583(h). The Government agrees that a sentencing court must aggregate the imprisonment term with the supervised release term; however, it challenges Flores's contention that the maximum term of supervised release available for the aggregate term was three years. The Government's argument has merit. In *United States v. Jackson*, 559 F.3d 368, 370, 372 (5th Cir. 2009), this court held that following the amendment of 21 U.S.C. § 841(b)(1)(C) in 2002, the "general maximums of § 3583(b) do not apply to revocation sentencing when the original offense was a conviction under § 841(b)(1)(C)." Flores concedes that his argument is foreclosed by *Jackson*.

Accordingly, the judgment of the district court is AFFIRMED.