# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50562
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 20, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ARIEL PANTOJA, also known as Ariel Salgado Pantoja,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:08-CR-113-1

Before BARKSDALE, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Ariel Pantoja contests the five-year term of supervised release imposed following his third revocation of supervised release, contending the term exceeds the statutory maximum under 18 U.S.C. § 3583(h). Although Pantoja failed, in district court, to object to the term of supervised release, his contention is reviewed *de novo*. *See United States v. Vera*, 542 F.3d 457, 459

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-50562

(5th Cir. 2008) (sentence exceeding statutory maximum is illegal; therefore, reversible plain error).

Pantoja was originally convicted, *inter alia*, of possession, with intent to distribute, a controlled substance (cocaine), in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2.  His terms of supervised release were revoked for testing positive for cocaine.  An additional three months' imprisonment was imposed, to be followed by, *inter alia*, 36 months' supervised release for the cocaine count.  While on his second term of supervised release, Pantoja tested positive for, and admitted to using, cocaine and marijuana.  He was sentenced to an additional five months' imprisonment and, *inter alia*, 24 months' supervised release for the cocaine count.  When Pantoja tested positive for cocaine during his third term of supervised release, he was sentenced to, *inter alia*, 12 months' imprisonment and five years' supervised release on the cocaine count.

Pantoja contends the maximum term of supervised release for this offense, a Class C felony, is 36 months.  *See* 18 U.S.C. § 3583(b)(2).  According to Pantoja, because the aggregate of his terms of post-revocation imprisonment totaled 20 months, the maximum term of supervised release authorized by § 3583(h) was 16 months.  Pantoja maintains the court erred in imposing supervised release of five years because it exceeded the maximum term available, after crediting his prior terms of imprisonment or, alternatively, because it exceeded the statutory maximum of 36 months.

The Government disputes Pantoja's claim that the statutory maximum term of imprisonment is three years.  Instead, the Government maintains this court must apply 21 U.S.C. § 841(b)(1)(C) to determine the applicable statutory maximum term of supervised release.  That provision states the statutory minimum term of supervised release is three years, but it does not set a

2

maximum term, so the sentencing court is authorized to impose a lifetime term of supervised release.  21 U.S.C. § 841(b)(1)(C); *see also United States v. Jackson*, 559 F.3d 368, 371 (5th Cir. 2009) (lifetime supervised release is permissible under § 841).

In *Jackson*, this court considered and rejected the same contention Pantoja presents.  *See* 559 F.3d at 371–72.  Our court noted Congress amended § 841 in 2002 to provide that the longer terms of supervised release set forth under § 841 applied, "*[n]otwithstanding section 3583 of Title 18*".  *Id.* at 370 (emphasis and alteration in original).  This court held § 3583(b) did not apply when the offense that resulted in the original term of supervised release was a violation of § 841(b)(1)(C).  *Id.* at 370–71.  Pantoja's contention is foreclosed by *Jackson*.

AFFIRMED.