## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-60441
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 2, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TWMELL AUSTIN LOTT,

Defendant-Appellant

Consolidated with 19-60442

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TWMELL LOTT,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Mississippi
USDC No. 2:13-CR-7-1
USDC No. 2:05-CR-11-1

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-60441
c/w No. 19-60442

Twmell Austin Lott appeals (1) the 60-month prison term imposed upon the revocation of supervised release for his 2006 conviction of conspiracy to possess with intent to distribute cocaine and marijuana and (2) the concurrent 24-month prison term imposed upon the revocation of supervised release for his 2014 conviction of being a felon in possession of a firearm. While he argues that the 60-month sentence is substantively unreasonable, he does not brief any argument challenging the 24-month sentence. Any challenge he seeks to raise to the 24-month sentence is thus waived. *See United States v. Edwards*, 303 F.3d 606, 647 (5th Cir. 2002).

The record reflects that the district court determined that the 60-month sentence was appropriate based on permissible sentencing considerations, namely, to deter future criminal conduct, protect the community, and control Lott's recidivist conduct. *See United States v. Sanchez*, 900 F.3d 678, 684-86 (5th Cir. 2018). We must give due deference to the district court's sentencing decision, and we decline to reweigh the applicable sentencing factors. *See id.* With respect to challenges to substantive reasonableness, we have routinely upheld revocation sentences exceeding the advisory policy range, even where, as here, the sentence equals the statutory maximum. *See United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013).

Lott's arguments that the 60-month sentence is contrary to the spirit of the Constitution's protections against double jeopardy and violates his legitimate expectation of finality with respect to his drug-conspiracy sentence are unavailing. *See United States v. Jackson*, 559 F.3d 368, 371 (5th Cir. 2009). Under the totality of the circumstances, the 60-month sentence was not an abuse of discretion. *See Sanchez*, 900 F.3d at 684-86.

The district court's revocation judgments are AFFIRMED.