**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-5043

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ALVIN DWIGHT FAIR,

Defendant - Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Statesville.  Richard L. Voorhees,
District Judge.  (5:03-cr-00051-1)

Submitted:  August 20, 2007          Decided:  August 29, 2007

Before TRAXLER, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Norman Butler, THE LAW OFFICE OF NORMAN BUTLER, Charlotte, North
Carolina, for Appellant.  Gretchen C. F. Shappert, United States
Attorney, Jonathan Vogel, Assistant United States Attorney,
Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Alvin Dwight Fair of conspiracy to possess with intent to distribute cocaine base, 21 U.S.C. § 846 (2000), possession with intent to distribute cocaine base (three counts), 21 U.S.C. § 841 (2000), use and carry of a firearm during and in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1) (2000), and possession of a firearm by a convicted felon, 18 U.S.C. § 922 (g)(1) (2000). He was sentenced to 300 months of imprisonment. On appeal, Fair argues that the district court erred in: (1) denying defense counsel's motion for a pretrial mental examination to determine Fair's competency to stand trial; (2) admitting inadmissible hearsay statements; (3) denying his motion for a judgment of acquittal as to the firearm counts on the basis that they were unsupported by substantial evidence; and (4) sentencing him for trafficking in "crack" cocaine. We affirm.

Fair first argues that the district court erred in denying defense counsel's motion for a pretrial mental examination to determine his competency to stand trial. The determination of whether a defendant is competent to stand trial is a factual determination, and the district court's factual findings regarding competency are disturbed only if clearly erroneous. United States v. Morgano, 39 F.3d 1358, 1373 (7th Cir. 1994); cf. United States v. Cox, 964 F.2d 1431, 1433 (4th Cir. 1992) (reviewing for clear error a competency determination under 18 U.S.C. § 4246 (2000)).

The test for mental competence is whether the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402, 402 (1960) (per curiam); see also 18 U.S.C. § 4241(a) (2000) (providing that district court should hold hearing to determine defendant's mental competency if there is reasonable cause to believe that defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand nature and consequences of the proceedings against him or to assist properly in his defense). Indicia of competence can include a defendant's behavior, his demeanor at trial, and any prior medical opinion on competence. Drope v. Missouri, 420 U.S. 162, 180 (1975). The district court must only ensure the defendant has the ability to understand, the ability to assist, and the ability to communicate with his attorney; it is not required to determine whether the defendant actually acted in accordance with his ability. Bell v. Evatt, 72 F.3d 421, 432 (4th Cir. 1995).

We have reviewed the record and in particular the transcript of the hearing on defense counsel's "Motion for Pretrial Psychiatric and/or Psychological Examination." The district court adequately considered counsel's affidavit and questioned Fair as to his understanding of the proceedings against him. We find that the

district court did not err in finding Fair competent to stand trial and thereby did not err in denying counsel's motion for a mental examination.

Next, Fair maintains that the court erred in admitting inadmissable hearsay evidence, specifically, statements made by two non-testifying co-defendants.  The Government responds that the disputed testimony was not hearsay as the statements were made by a co-conspirator and therefore admissible under Fed. R. Evid. 801(d)(2)(E).

This court reviews evidentiary rulings under Fed. R. Evid. 801(d)(2)(E) for an abuse of discretion.  United States v. Blevins, 960 F.2d 1252, 1255-56 (4th Cir. 1992).  Factual findings as to the scope of the conspiracy are reviewed for clear error, Bourjaily v. United States, 483 U.S. 171, 181 (1987), and are only overturned on appeal for an abuse of discretion.  Blevins, 960 F.2d at 1255.  A statement is not hearsay if it is offered against the defendant and is a statement by a co-conspirator of the defendant during the course of and in furtherance of the conspiracy.  Fed. R. Evid. 801(d)(2)(E).  Accordingly, when the Government shows by a preponderance of the evidence that (1) a conspiracy existed of which the defendant was a member, and (2) the co-conspirators' statements were made in furtherance of the conspiracy, the statements are admissible.  United States v. Neal, 78 F.3d 901, 905 (4th Cir. 1996); Blevins, 960 F.2d at 1255.  The party seeking to

- 4 -

introduce the co-conspirator statement bears the burden of establishing these preliminary facts for admissibility, but it need only do so by a preponderance of the evidence. Bourjaily, 483 U.S. at 176. In resolving these preliminary factual questions for admissibility, the court may consider all evidence before it, whether admissible at trial or not, including the co-conspirator statements sought to be admitted. Id. at 176-81. This court reviews a district court's findings of fact with respect to these threshold criteria for admission under the clearly erroneous standard. Id. at 181; Blevins, 960 F.2d at 1255. We find that there is sufficient evidence to support the court's finding that the disputed statements were made by co-conspirators in the course of the conspiracy and, therefore, were admissible as non-hearsay under Fed. R. Evid. 801(d)(2)(E).

Fair also argues that the district court erred in denying his Fed. R. Crim. P. 29 motion for acquittal based on insufficient evidence to support his 18 U.S.C. § 924(c)(1) and 922(g)(1) charges. This court reviews the district court's decision to deny a Rule 29 motion de novo. United States v. Smith, 451 F.3d 209, 216 (4th Cir.), cert. denied, 127 S. Ct. 197 (2006). Where, as here, the motion was based on a claim of insufficient evidence, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942);

Smith, 451 F.3d at 216.  This court has "defined 'substantial evidence' as 'evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'"  Smith, 451 F.3d at 216 (quoting United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc)).  This court "must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established."  United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).  In evaluating the sufficiency of the evidence, this court does not review the credibility of the witnesses and assumes that the jury resolved all contradictions in the testimony in favor of the Government.  United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998).  This court "can reverse a conviction on insufficiency grounds only when the prosecution's failure is clear."  United States v. Moye, 454 F.3d 390, 394 (4th Cir.) (internal quotation marks and citation omitted), cert. denied, 127 S. Ct. 452 (2006).  We have reviewed the record and find sufficient evidence to support the jury's § 922(g)(1) and § 924(c)(1) convictions.  Accordingly, we find no error in the district court's denial of Fair's motion for acquittal on these two counts.

Last, Fair argues that the indictment did not specify that the cocaine base involved was "crack" and, because the jury did not find it was "crack," he is not subject to the statutory

mandatory minimum sentence of ten years or the applicable enhanced sentence of twenty years as those mandatory minimums apply only to fifty grams or more of "crack cocaine."  Tracking the language of 21 U.S.C. § 841(b)(1)(A)(iii) (2000), the indictment charged Fair with conspiracy to possess with intent to distribute cocaine base and possession with intent to distribute cocaine base.  This court has opined that "cocaine base" and "crack cocaine" are interchangeable terms.  United States v. Ramos, 462 F.3d 329, 334 (4th Cir.), cert. denied, 127 S. Ct. 697 (2006).  Therefore, the distinction Fair draws between crack cocaine and cocaine base is without merit.

Accordingly, we affirm Fair's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED