# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1790

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Sylvester Rogers, Jr., | * | |
| | * | [PUBLISHED] |
| Appellant. | * | |

_____

Submitted: August 27, 2008
Filed: September 23, 2008

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

In 2006, Sylvester Rogers, Jr., was sentenced to 6 months in prison and 3 years of supervised release after he pleaded guilty to a Class D felony of possessing with intent to distribute marijuana. See 21 U.S.C. § 841(a)(1), (b)(1)(D) (for controlled substance offense involving less than 50 kilograms of marijuana, maximum term of imprisonment for first-time felony drug offender is 5 years and minimum term of supervised release is 2 years); 18 U.S.C. § 3559 (sentencing classification of offenses). In 2007, the district court[1] revoked Rogers's supervised release and

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

sentenced him to 24 months in prison and 4 years of additional supervised release. See 18 U.S.C. § 3583(e)(3), (h) (when offense that resulted in term of supervised release is Class D felony, maximum term of imprisonment upon revocation of supervised release is 2 years; district court revoking term of supervised release may impose additional supervised release so long as it does "not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release").

On appeal, Rogers argues that (1) the district court abused its discretion in revoking his supervised release because the government failed to prove he violated his release conditions by a preponderance of the evidence; and (2) the revocation sentence is unreasonable because the district court did not consider the 18 U.S.C. § 3553(a) factors weighing in his favor. Further, because 18 U.S.C. § 3583(b) establishes a 3-year maximum term of supervised release for Class D felonies, we directed the parties to file supplemental briefs addressing whether section 3583(b) applies when, as in this case, the minimum term of supervised release prescribed by 21 U.S.C. § 841(b) (2 years) is less than the maximum term allowed by section 3583(b).

To begin, we reject Rogers's argument that the district court abused its discretion in revoking his supervised release. The district court did not clearly err in finding by a preponderance of the evidence--witness testimony and photographs admitted into evidence--that he violated the conditions of his supervised release by committing an assault under state law. See United States v. Carothers, 337 F.3d 1017, 1019 (8th Cir. 2003) (district court did not clearly err in concluding that defendant had violated condition of supervised release by committing assault, where court found victim's testimony credible and defendant's testimony not credible; district court's witness credibility determinations are virtually unreviewable on appeal).

Turning to the issues involving Rogers's revocation sentence, we conclude that section 3583(b)'s 3-year maximum term of supervised release does not apply in this case.[2] See 21 U.S.C. § 841(b)(1)(D) ("[n]otwithstanding section 3583 of Title 18," sentence imposing term of imprisonment shall, absent prior felony drug conviction, impose term of supervised release of at least 2 years); United States v. Mora, 22 F.3d 409, 412 (2d Cir. 1994) (addressing this issue where § 841(b)'s minimum term of supervised release was less than maximum term of supervised release specified in § 3583(b); so as to further Congress's intent to enhance drug offense penalties, sentencing judge may impose supervised release term ranging from minimum specified in statute up to life of defendant, notwithstanding limits of section 3583(b)); cf. United States v. LeMay, 952 F.2d 995, 998 (8th Cir. 1991) (per curiam) (maximum terms set forth in § 3583(b) do not apply when statutes such as § 841(b) authorize longer terms of supervised release).

We also conclude that Rogers's sentence is not unreasonable. See United States v. Larison, 432 F.3d 921, 923 (8th Cir. 2006) (district court need not mechanically list every § 3553(a) consideration when sentencing defendant upon revocation of supervised release); United States v. Tyson, 413 F.3d 824, 825 (8th Cir. 2005) (per curiam) (revocation sentences are reviewed for unreasonableness in accordance with

---

[2]Although this court has recently suggested that section 3583(b) does apply when section 841(b)'s minimum term of supervised release is less than the maximum term allowed by section 3583(b), see United States v. Hernandez, 436 F.3d 851, 855-56 & n.5 (8th Cir. 2006), that case interpreted the United States Code as it existed in 1997. Congress amended 21 U.S.C. § 841 in 2002, adding the words "'Notwithstanding section 3583 of [T]itle 18' . . . to make clear that the longer terms [in section 841(b)] control over the general provision in section 3583." H.R. Rep. No. 107-685, at 188-89 (2002) (Conf. Rep.), as reprinted in 2002 U.S.C.C.A.N. 1120, 1141. Further, the House Conference Report suggests that Congress disapproved of decisions holding that section 3583(b) limited the length of supervised release terms that could be imposed in controlled substance cases, listing as examples United States v. Good, 25 F.3d 218, 220-21 (4th Cir. 1994), and United States v. Kelly, 974 F.2d 22, 24-25 (5th Cir. 1992) (per curiam).

United States v. Booker, 543 U.S. 220 (2005)); United States v. Franklin, 397 F.3d 604, 606-07 (8th Cir. 2005) (all that is required is evidence that court considered relevant matters; although Guidelines recommended 8-14 months, 24-month revocation sentence was not abuse of discretion where transcript showed court was aware of defendant's multiple violations and of Guidelines range and statutory maximum).

      Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____