**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 14-4714**

───────────

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

    v.

ALVIN DWIGHT FAIR,

            Defendant - Appellant.

───────────

Appeal from the United States District Court for the Western
District of North Carolina, at Statesville.   Richard L.
Voorhees, District Judge.   (5:03-cr-00051-RLV-DCK-1)

───────────

Submitted:  April 28, 2015              Decided:  May 11, 2015

───────────

Before WILKINSON, KING, and DUNCAN, Circuit Judges.

───────────

Affirmed in part, vacated in part and remanded by unpublished
per curiam opinion.

───────────

Ross Richardson, Executive Director, Ann L. Hester, FEDERAL
DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North
Carolina, for Appellant.   Anne M. Tompkins, United States
Attorney, Anthony J. Enright, Assistant United States Attorney,
Charlotte, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Alvin Dwight Fair of conspiracy to possess with intent to distribute 50 grams or more of cocaine base, 21 U.S.C. § 846 (2012) (Count 1); possession with intent to distribute cocaine base, 21 U.S.C. § 841 (2012) (Counts 7, 8, and 11); use and carry of a firearm during and in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1) (2012) (Count 9); and possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2012) (Count 10). The Government filed a 21 U.S.C. § 851 (2012) notice seeking enhanced penalties and, in 2006, the district court sentenced Fair to a total of 300 months of imprisonment. As to the terms of supervised release, the district court sentenced Fair to a 10-year term on Count 1; an 8-year term on each of Counts 7, 8, and 11; a 3-year term on Count 10, and a consecutive 5-year term on Count 9. We affirmed on appeal. United States v. Fair, 246 F. App'x 238 (4th Cir. 2007) (No. 06-5043).

In November 2012, Fair filed a 28 U.S.C. § 2255 (2012) motion to vacate his § 922(g) conviction and sentence in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), arguing that his prior North Carolina convictions were not punishable by more than one year's imprisonment and therefore they did not qualify as felonies under 18 U.S.C. § 922(g) or "felony drug offenses" under 21 U.S.C. § 841. The

2

district court granted relief, vacated the § 922(g) conviction, and ordered that Fair be resentenced.

The probation officer filed a supplement to the presentence report ("PSR") outlining the revised statutory mandatory minimums and maximums. Based on a total offense level of 30 and a criminal history category of IV, the probation officer calculated an advisory Guidelines range of 135 to 168 months' imprisonment and a mandatory consecutive sentence of not less than 5 years on Count 9. In pertinent part, the supplement also called for mandatory minimum supervised release terms that were lower than what Fair had faced at his original sentencing. Specifically, on Counts 1, 8, and 11, the district court was required to impose a mandatory minimum term of 4 years on each count, 21 U.S.C. § 841(b)(1)(B); a mandatory minimum of 3 years on Count 7, 21 U.S.C. § 841(B)(1)(C); and a maximum a term of five years on Count 9, 18 U.S.C. § 3583(b)(1) (2012).

At resentencing, Fair moved for a downward variance based on the 18 U.S.C. § 3353(a) (2012) factors. As relevant to this appeal, he argued that a variance was warranted because the police officers allegedly engaged in impermissible sentence manipulation. In making this claim, Fair asserted that the police set up two additional drug transactions with him (with increasing drug amounts) instead of arresting him after the first transaction. Had he been arrested after the first

3

transaction, Fair argued, his Guidelines range would have been 63 to 78 months instead of the 135 to 168 months he faced.

The district court ultimately rejected Fair's motion for a downward variance and sentenced him at the low end of the Guidelines range to 135 months' imprisonment followed by a consecutive mandatory minimum 5-year sentence on Count 9. The court, however, reaffirmed Fair's original sentence, including the terms of supervised release "in all [other] respects."

We review Fair's sentence for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41, 51 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. In determining procedural reasonableness, we consider whether the district court properly calculated Fair's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, selected a sentence not based on clearly erroneous facts, and sufficiently explained the selected sentence. Id. at 49-51. If, and only if, we find the sentence procedurally reasonable can we consider the substantive reasonableness of the sentence imposed. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). We presume that a sentence within the Guidelines range is reasonable. See United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir.

2010) ("[W]e may and do treat on appeal a district court's decision to impose a sentence within the Guidelines range as presumptively reasonable.").

On appeal, Fair raises two claims regarding his sentence. First, he argues that the district court erred when it refused to consider his sentencing manipulation argument based on a mistaken view that such argument was unavailable in the Fourth Circuit. Second, he asserts that the district court erred in reimposing the original terms of supervised release. Because Fair did not object to any aspect of the sentencing calculus, our review is limited to plain error. See United States v. Hamilton, 701 F.3d 404, 410 (4th Cir. 2012). "To establish plain error, the appealing party must show that an error (1) was made, (2) is plain (i.e., clear or obvious), and (3) affects substantial rights." United States v. Lynn, 592 F.3d 572, 577 (4th Cir. 2010). Even if Fair establishes these three elements, the decision to correct the error lies within this court's "remedial discretion," and this court exercises that discretion only if "the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Henderson v. United States, 133 S. Ct. 1121, 1126-27 (2013).

At resentencing, Fair's counsel conceded that a sentencing manipulation argument has not been fully recognized by this court but nonetheless argued for a downward variance on this

5

basis. He now asserts that the district court erred in concluding it did not have the authority to consider it on the merits. While a district court's failure to recognize its discretion to vary downward may constitute procedural error, see e.g., United States v. Herder, 594 F.3d 352, 362-63 (4th Cir. 2010), we have reviewed the transcript and conclude that the district court did not fail to recognize its discretion to vary, but that it rejected on the merits Fair's argument that he was entitled to a variant sentence on this ground. In any event, as Fair concedes, although we have not decided whether the theory of sentencing manipulation has any basis in law, we have looked with skepticism on claims of sentence manipulation. See United States v. Jones, 18 F.3d 1145, 1154 (4th Cir. 1994) ("We . . . note our skepticism as to whether the government could ever engage in conduct not outrageous enough so as to violate due process to an extent warranting dismissal of the government's prosecution, yet outrageous enough to offend due process to an extent warranting a downward departure with respect to a defendant's sentencing."). As in Jones, the facts of this case do not disclose outrageous conduct and therefore the argument was inapplicable. Id. at 1154-55.

Next, Fair argues that the district court erred in imposing the same supervised release terms as imposed in the original judgment. At resentencing, Counts 1, 8, and 11 exposed Fair to

6

a mandatory minimum of 4 years and a maximum of term of 5 years, see United States v. Good, 25 F.3d 218 (4th Cir. 1994) (holding that a violation § 841(b)(l)(B), which requires a supervised release term of at least 4 years, carries a maximum term of 5 years under § 3583(b)(l)), and Count 7 exposed Fair to a mandatory minimum supervised release term of 3 years, with no maximum term. The Government concedes that the district court erred by reimposing supervised release terms that exceeded the statutory maximum terms for Counts 1, 8, and 11. Although the term imposed on Count 7 did not exceed any statutory maximum, the Government also concedes that the district court erred in this regard based on a mistaken understanding that Count 7 was subject to an 8-year mandatory minimum term of supervised release.[*]

We agree that the court erred at resentencing in reimposing the same terms of supervised release for Counts 1, 7, 8, and 11 as in the original judgment. The error was plain and it affected Fair's substantial rights. See United States v. Maxwell, 285 F.3d 336, 342 (4th Cir. 2002) (holding that sentencing defendant to term of supervised release that exceeded the statutory maximum by 11 months, did, in fact, seriously

---

[*] The minimum and maximum supervised release terms for Count 9 were unaffected by the Simmons error. 18 U.S.C. § 3583(b)(1).

7

affect "the fairness, integrity or public reputation of judicial proceedings.")

Accordingly, we vacate the amended judgment imposing supervised release on Counts 1, 7, 8, and 11, and remand to the district court for proceedings consistent with this opinion. We affirm Fair's sentence in all other respects. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>VACATED IN PART</u>
<u>AND REMANDED</u>