**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4026

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

CARLOS FABIAN PEREZ,

Defendant – Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:14-cr-00157-WO-1)

Argued:  October 29, 2021                           Decided:  January 6, 2022

Before HARRIS, QUATTLEBAUM, and RUSHING, Circuit Judges.

Affirmed by published opinion.  Judge Harris wrote the opinion, in which Judge Quattlebaum and Judge Rushing joined.

**ARGUED:**  Todd Allen Smith, SMITH GILES PLLC, Graham, North Carolina, for Appellant.  Randall Stuart Galyon, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.  **ON BRIEF:**  Sandra J. Hairston, Acting United States Attorney, Michael F. Joseph, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

PAMELA HARRIS, Circuit Judge:

After Carlos Fabian Perez violated the conditions of an initial supervised release sentence, the district court revoked that release, imposed a six-month term of imprisonment, and – at issue here – sentenced him to an additional 36 months of supervised release. Before the district court, Perez argued that this new supervised release sentence would exceed the maximum term set by 18 U.S.C. § 3583, a provision generally authorizing courts to include supervised release as part of a sentence. The district court disagreed, holding that Perez's supervised release sentence was governed instead by 21 U.S.C. § 841(b)(1)(D), the controlled-substance statute under which he originally was convicted, which imposes no maximum on terms of supervised release.

We affirm the judgment of the district court. As 11 courts of appeals have concluded, § 3583(b) does not limit the length of supervised release sentences authorized by § 841(b)(1). Rather, the provisions of § 841(b)(1) itself, which expressly apply "[n]otwithstanding section 3583 of title 18," alone set the bounds on supervised release in § 841(b)(1) cases. And because § 841(b)(1)(D) establishes a 24-month minimum but no maximum term of supervised release, the district court's 36-month sentence falls squarely within the statutory range.

## I.

### A.

We begin with an overview of the statutory regime that governs the supervised release sentence in this case. The statutory context here is complex and has changed over

time, so we set out in some detail the relevant provisions, the statutory history, and our court's prior encounters with this issue.

This much is undisputed: Under 18 U.S.C. § 3583(h), a supervised release term like Perez's, imposed after supervised release has been revoked, is limited to the maximum period "authorized by statute for the offense that resulted in the original term of supervised release," less any term of imprisonment also imposed upon revocation. 18 U.S.C. § 3583(h). So we begin with the statute under which the district court initially sentenced Perez to supervised release: 21 U.S.C. § 841.

Section 841(a) prohibits a range of conduct related to controlled substances. Section 841(b)(1) then "lists additional facts that, if proved, trigger [specified] penalties," depending on the nature and quantity of the controlled substance. *Terry v. United States*, 141 S. Ct. 1858, 1862 (2021). Four graduated subdivisions follow, with the most serious conduct and correspondingly severe penalties described in § 841(b)(1)(A) and the least serious conduct and least severe penalties in § 841(b)(1)(D). Perez was convicted under § 841(b)(1)(D), for possessing with intent to distribute less than 50 kilograms of marijuana. Critically, § 841(b)(1)(D), like all subsections of § 841(b)(1), provides for a minimum term of supervised release – under subsection (D), a term of "at least 2 years" – but is silent as to any maximum. *See* 21 U.S.C. § 841(b)(1)(A)–(D) (each establishing different minimum supervised release terms and no maximums).

There is a different statute, however, that does provide for maximum terms of supervised release: 18 U.S.C. § 3583. That provision gives courts the general authority to include a term of supervised release in any sentence for a felony or misdemeanor that

3

includes a term of imprisonment. *See* 18 U.S.C. § 3583(a). It then sets out the "authorized terms of supervised release": for Class A or Class B felonies, "not more than five years"; for Class C or Class D felonies – like Perez's § 841(b)(1)(D) offense – "not more than three years"; and for Class E felonies or misdemeanors, "not more than one year." *Id.* § 3583(b)(1)–(3).[1] Those "authorized" maximum terms will apply, the statute specifies, "[e]xcept as otherwise provided." *Id.* § 3583(b).

Faced with this pair of statutes, most courts concluded that § 3583 does not limit the length of supervised release terms in § 841(b)(1) cases. Section 3583, they reasoned, is a gap-filling statute, with an "except as otherwise provided" clause making plain that it has no effect where another statute, like § 841(b)(1), provides its own terms of supervised release. *See, e.g., United States v. Sanchez-Gonzalez*, 294 F.3d 563, 566 (3d Cir. 2002) (collecting cases); *United States v. Cortes-Claudio*, 312 F.3d 17, 21–22 (1st Cir. 2002) (same). And because § 841(b)(1) establishes minimum supervised release sentences of "at least" a specified number of years but no maximums, they held, it allows for supervised release terms that "run from the mandatory minimum up to the life of the defendant." *Cortes-Claudio*, 312 F.3d at 22.

Our court, however, took a different view. In one early case, *United States v. Good*, we held that § 3583(b)(1)'s generic maximum *does* apply to supervised release sentences

---

[1] An offense's classification under this provision turns on the maximum prison term for a violation. *See* 18 U.S.C. § 3559(a). As a result, the subsections of § 841(b)(1) map cleanly onto § 3583(b)'s felony classes: a § 841(b)(1)(A) offense is a Class A felony for purposes of § 3583(b); a § 841(b)(1)(B) offense is a Class B felony; and so forth. *See* 18 U.S.C. § 3559(a)(1)–(4) (defining Class A, B, C, and D felonies).

under subsection (B) of § 841(b)(1). 25 F.3d 218, 221 (4th Cir. 1994). Because § 841(b)(1)(B) sets a minimum term of "at least 4 years" and § 3583(b)(1) a maximum of five years for a Class B felony, we concluded, the range for a supervised release sentence under § 841(b)(1)(B) starts at four years and ends at five, rather than life. *Id.* But the same rule, we later held in *United States v. Pratt*, does *not* apply to subsection (C) of § 841(b)(1), which carries a minimum supervised release term of "*at least* 3 years" and corresponds to a maximum term of three years under § 3583(b)(2). 239 F.3d 640, 647–48 (4th Cir. 2001) (quoting 21 U.S.C. § 841(b)(1)(C)). If § 3583(b)(2) applied in those circumstances, we reasoned, then the only permissible term of supervised release would be precisely three years – rendering "superfluous" § 841(b)(1)(C)'s "use of the words '*at least* three years.'" *Id.* at 648 (quoting 21 U.S.C. §841(b)(1)(C)).

That holding left us, we recognized, with a "somewhat anomalous result." *Id.* at 647 n.4. Defendants like Good, convicted under subsection (B) of § 841(b)(1), would have their supervised release sentences capped at five years, while defendants like Pratt, convicted of a *less* serious subsection (C) offense, could be sentenced to lifetime terms of supervised release. *Id.* For that reason, we "wonder[ed]" in *Pratt* "if the rule announced in *Good* should be limited to the facts of that case, or perhaps even partially overruled." *Id.*

But before that issue came before us, Congress intervened. In 2002 – the year after *Pratt* was decided – Congress amended § 841(b)(1): At the start of the provisions regarding supervised release in subsections (A) through (D), Congress inserted the clause "[n]otwithstanding section 3583 of title 18." *See* 21st Century Department of Justice

5

Appropriations Authorization Act, Pub. L. No. 107-273, § 3005(a), 116 Stat. 1758, 1805 (2002). So now, for instance, subsection (D), under which Perez was convicted, reads, "*[n]otwithstanding section 3583 of title 18*, any sentence imposing a term of imprisonment under this paragraph shall . . . impose a term of supervised release of at least 2 years[.]" 18 U.S.C. § 841(b)(1)(D) (emphasis added). Congress announced its purpose in the title of this amendment: "Clarification of Length of Supervised Release Terms in Controlled Substance Cases." 21st Century Department of Justice Appropriations Authorization Act § 3005, 116 Stat. at 1805. And the accompanying committee report further explained that the new "notwithstanding" clause would "make clear that the longer terms" prescribed in § 841(b)(1) – "which may include lifetime supervised release" – "control over the general provision in section 3583." H.R. Rep. No. 107-685, at 188–89 (2002) (identifying *Good* as a decision reaching "the opposite result").

Since Congress's 2002 amendment, the circuits have come nearly into alignment. The only court of appeals other than our own to have held, prior to 2002, that § 3583(b) caps supervised release terms in § 841(b)(1) cases has reversed course, finding that its earlier decisions were "abrogated by statute." *United States v. Jackson*, 559 F.3d 368, 370 (5th Cir. 2009); *see also United States v. Johnson*, 331 F.3d 962, 967 n.4 (D.C. Cir. 2003) (recognizing that Congress had "resolved the circuit conflict by adding the words 'Notwithstanding section 3583 of title 18' to" § 841(b)(1)). The result is that, except for our circuit, every circuit with jurisdiction over criminal appeals has held that the maximum term of supervised release for § 841(b)(1) offenses is life, and that the shorter default

6

maximums of § 3583(b) do not apply.[2]  We, however, have yet to confront the implications

of Congress's 2002 amendment.[3]

**B.**

We turn now to the facts underlying the revocation proceeding that gave rise to this

appeal.  In 2014, Perez pleaded guilty to offenses including possession with intent to

distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D).  The district court

sentenced him on that count to a 21-month term of imprisonment, followed by a five-year

term of supervised release.

After Perez served his prison sentence, his probation officer twice reported that he

had violated the conditions of his supervised release, first in 2017 and then in 2019.  In

2017, the district court found that Perez indeed had violated his release conditions, but

---

[2] *See United States v. Nieves*, 322 F.3d 51, 56 (1st Cir. 2003); *United States v. Mora*, 22 F.3d 409, 412 (2d Cir. 1994); *Sanchez-Gonzalez*, 294 F.3d at 565–67 (3d Cir.); *Jackson*, 559 F.3d at 370 (5th Cir.); *United States v. Page*, 131 F.3d 1173, 1177–80 (6th Cir. 1997), *abrogated on other grounds by Johnson v. United States*, 529 U.S. 694, 700–01 (2000); *United States v. Shorty*, 159 F.3d 312, 315–16, 315 n.6 (7th Cir. 1998); *United States v. Rogers*, 543 F.3d 467, 468–69, 468 n.2 (8th Cir. 2008); *United States v. Ross*, 338 F.3d 1054, 1057 (9th Cir. 2003); *United States v. Handley*, 678 F.3d 1185, 1189–90 (10th Cir. 2012); *United States v. Sanchez*, 269 F.3d 1250, 1287–88 (11th Cir. 2001) (en banc); *Johnson*, 331 F.3d at 967 n.4 (D.C. Cir.).

[3] Since the 2002 amendment, we have continued to apply the rule articulated in *Good* in a handful of non-precedential unpublished decisions without noting or addressing the change in § 841(b)(1)'s text.  *See, e.g.*, *United States v. Davis*, 684 F. App'x 317, 319 (4th Cir. 2017); *United States v. Fair*, 616 F. App'x 549, 552 (4th Cir. 2015).  In a footnote in one published decision vacating a § 841(b)(1)(B) sentence on other grounds, we observed in dicta that the district court had erred in imposing a supervised release term of more than five years, citing *Good* and again failing to consider the effect of the 2002 amendment.  *See United States v. Dawson*, 587 F.3d 640, 648 n.5 (4th Cir. 2009).

instead of revoking release, it imposed additional conditions going forward. In 2019, however, after finding additional violations, the district court revoked Perez's release. It then sentenced Perez to a six-month term of imprisonment on the § 841(b)(1)(D) count, followed by a 36-month term of supervised release – the supervised release term at issue in this appeal.

Perez timely appealed the district court's judgment, and his counsel filed a brief under *Anders v. California*, 386 U.S. 738 (1967), stating that there were no meritorious grounds for appeal. After independently reviewing the record, we identified one issue for supplemental briefing: whether the district court plainly erred in imposing under § 841(b)(1)(D) a supervised release sentence that is outside the three-year maximum set by § 3583(b)(2) for Class D felonies. *United States v. Perez*, No. 19-4568, Dkt. 27 at 1 (May 19, 2020). In response, the parties jointly moved to remand the case for resentencing, relying on our unpublished decision in *United States v. Davis*, 684 F. App'x 317 (4th Cir. 2017), which vacated a lifetime term of supervised release on the ground that § 3583(b)(2) limits supervised release imposed under § 841(b)(1)(D) to three years. It followed, they concluded, that Perez's 36-month term of supervised release, combined with his six-month prison term, exceeded the maximum permissible revocation sentence for a § 841(b)(1)(D) violation.[4] We granted the parties' request and remanded for resentencing.

---

[4] As all agree, if § 3583(b)(2)'s three-year maximum applies to § 841(b)(1)(D), then Perez's 36-month term of supervised release is invalid. That is because, as noted above, a supervised release term imposed upon revocation may not exceed the term permitted by the statute of revocation, "less any term of imprisonment" also imposed upon revocation. 21 U.S.C. § 3583(h). Here, the district court's imposition of a six-month prison term *plus*

The district court, however, was not convinced that the rule announced in *Good* and applied by *Davis* remained good law after Congress's 2002 amendment, citing recent district court decisions calling those cases into question. And after soliciting briefing on the issue, the district court concluded that § 3583(b) does not limit the length of supervised release sentences under § 841(b)(1). It thus reimposed the 36-month term of supervised release from its prior revocation judgment.

In a thorough and carefully reasoned opinion, the district court explained its holding. *See United States v. Perez*, 513 F. Supp. 3d 668 (M.D.N.C. 2021). The court began with a detailed survey of this court's case law, from *Good* to *Pratt* to *Davis*, noting that only *Davis* – an unpublished and non-precedential opinion – addressed subsection (D) of § 841(b)(1), the provision at issue here. *Id.* at 671–72. And neither *Davis* nor any other post-2002 Fourth Circuit decision, the court continued, addressed § 841(b)(1)'s new "notwithstanding section 3583" clauses. *Id.* at 672. Other district courts in our circuit, however, had considered the 2002 amendment, and found that it "resolved any ambiguity" on this question, clarifying that § 841(b)(1)'s provisions are unaffected by § 3583(b)'s limits. *Id.* at 673 (quoting *United States v. Bailey*, No. 1:10CR224-1, 2020 WL 4453552, at *3 (M.D.N.C. Aug. 3, 2020)); *see id.* at 672–73 (discussing *United States v. Jackson*, 62 F. Supp. 3d 509 (E.D. Va. 2014)).

36 months of supervised release – for a total of 42 months – would violate § 3583(h) if there is an applicable three-year maximum.

The district court agreed. The analysis in *Good*, it explained, had been "superseded by statutory changes" to § 841(b)(1), "passed after *Good* was decided." *Id.* at 670. Congress's addition of the "notwithstanding section 3583" proviso to § 841(b)(1) – especially in combination with § 3583(b)'s own caveat that it applies "except as otherwise provided" – made clear that § 3583(b)'s limits on terms of supervised release do not govern with respect to § 841(b)(1)(D) offenses. *Id.* at 674. And under § 841(b)(1)(D) itself, which provides for minimum supervised release terms of "at least 2 years" but no maximum, the maximum term is life. *Id.* at 673. Accordingly, the court held, Perez's 36-month term of supervised release is "authorized by the applicable statutes." *Id.* at 674.

Perez timely appealed.

## II.

As amended, § 841(b)(1)(D) provides that "*[n]otwithstanding section 3583 of title 18,* any sentence imposing a term of imprisonment under this paragraph shall . . . impose a term of supervised release of at least 2 years in addition to such term of imprisonment[.]" 21 U.S.C. § 841(b)(1)(D) (emphasis added). The question in this case is whether "section 3583 of title 18" nevertheless controls the maximum length of terms of supervised release under § 841(b)(1)(D). Like the district court and every court of appeals to consider the question, we conclude that it does not.

It is common ground that the validity of Perez's 36-month term of supervised release turns on this point. If § 3583 governs, then there is a three-year maximum for Perez's Class D felony, and, as described above, that maximum is exceeded by the combined effect of

10

Perez's six-month term of imprisonment and his 36-month term of supervised release. *See* 21 U.S.C. § 3583(h). But under § 841(b)(1) itself, the maximum term is life, as the parties agree. Indeed, we explained as much in *Pratt*, *see* 239 F.3d at 647–48, 647 n.4, consistent, as the district court noted, with our long-standing, "sensible rule of statutory construction whereby the absence of a specified maximum simply means that the maximum is life," *Perez*, 513 F. Supp. 3d at 673 (quoting *United States v. Turner*, 389 F.3d 111, 120 (4th Cir. 2004)). So this appeal confronts us with one and only one question of statutory interpretation, which we review de novo, *see United States v. Dozier*, 848 F.3d 180, 183 (4th Cir. 2017): whether § 3583(b)'s limits on terms of supervised release apply to § 841(b)(1)(D), reducing the maximum supervised release term from life to three years.

"As with all cases involving statutory interpretation, we begin our analysis with the text of the governing statute." *United States v. Muhammad*, 16 F.4th 126, 128 (4th Cir. 2021). Here, the text makes plain that § 841(b)(1)'s supervised release terms are not affected or limited by § 3583(b). Congress expressly clarified in 2002 that § 841(b)(1)'s supervised release provisions apply "[n]otwithstanding section 3583 of title 18." And the word "notwithstanding," as we have explained, "naturally means that the [statute at issue] should not be limited by other statutes." *United States v. Fernandez*, 887 F.2d 465, 468 (4th Cir. 1989). In light of § 841(b)(1)'s "notwithstanding" clause, in other words, it is clear that § 841(b)(1)'s minimum and maximum terms of supervised release apply without reference to, and independently of, the caps on supervised release found in § 3583(b). *See Johnson*, 331 F.3d at 967 n.4 (holding that the addition of § 841(b)(1)'s "notwithstanding"

11

clause "mak[es] it clear that the term of supervised release for a conviction under that section can exceed" the limits set out in § 3583(b)).

This plain reading of the amended § 841(b)(1) is confirmed, as the district court noted, when we consider that statute in tandem with § 3583. *See Perez*, 513 F. Supp. 3d at 674 (analyzing "the language of § 3583" together with "the language of § 841(b)(1)(D)"). Section 3583, as explained above, is a kind of "default" provision, allowing courts to impose terms of supervised release for all felonies and misdemeanors, even in the absence of more specific authorization in the statute under which a defendant is convicted. *See* 18 U.S.C. § 3583(a); *Sanchez-Gonzalez*, 294 F.3d at 566. And consistent with that general purpose, its list of maximum authorized terms of supervised release applies only "[e]xcept as otherwise provided," *see* 18 U.S.C. § 3583(b) – making clear that it "yields to other statutes, such as § 841, that specifically provide terms of supervised release," *Sanchez-Gonzalez*, 294 F.3d at 566. What we now have, in other words, are complementary and mutually reinforcing qualifiers in both §§ 841(b)(1) *and* 3583(b), making doubly plain that § 841(b)(1) operates independently of § 3583.

We recognize, of course, that we took a different approach in *Good*, at least with respect to subsection (B) of § 841(b)(1), finding that the maximum term of supervised release under that subsection was limited by § 3583(b). *See* 25 F.3d at 220–21. But *Good* construed the *unamended* version of § 841(b)(1), which did not specify, as it does now, that its terms apply "[n]otwithstanding" the provisions of § 3583. This absence, as the district court explained, "left the application of § 841 considerably more vague than it is today." *Perez*, 513 F. Supp. 3d at 673 (quoting *Jackson*, 62 F. Supp. 3d at 512). But

12

Congress now has resolved any ambiguity, superseding by statute our analysis in *Good*. *See id.* at 670; *see also Jackson*, 559 F.3d at 370 (finding that prior precedent adopting the *Good* approach "has been abrogated by statute" in light of Congress's 2002 amendment to § 841(b)(1)).[5]

Perez's main argument to the contrary is that we should read § 841(b)(1)'s "notwithstanding" clause more narrowly, in a way that can be reconciled with our decisions in *Good* and *Pratt*. In some contexts, the word "notwithstanding" may signal no more than an intention to override conflicting provisions of another statute. *See United States v. Frank*, 8 F.4th 320, 327 (4th Cir. 2021). If that were Congress's intent here, Perez posits, then § 841(b)(1)'s provisions would apply only when they conflict directly with the maximums set by § 3583(b) – that is, where § 841(b)(1) requires a minimum term of supervised release greater than or, as in *Pratt*, equal to the corresponding § 3583(b) maximum. *See Pratt*, 239 F.3d at 647–48 (finding that § 3583(b)'s three-year maximum yields to § 841(b)(1)(C)'s mandatory minimum of "at least 3 years"). But if there is no conflict – as in *Good*, in which § 841(b)(1)(B)'s mandatory minimum "was *less* than the maximum term permitted by § 3583" – then the "notwithstanding" clause would not be implicated and § 3583(b) would set the maximum term. *See id.* at 647 n.4 (reconciling *Good* and *Pratt*); *see also Perez*, 513 F. Supp. 3d at 672 (same). And this, Perez finishes, is a *Good* case: Section 841(b)(1)(D)'s two-year minimum is less than the three-year

___

[5] Although Perez's case arises under § 841(b)(1)(D), our reasoning applies to all subdivisions of § 841(b)(1), including § 841(b)(1)(B), the provision at issue in *Good*.

maximum under § 3583(b), so there is no conflict and thus no need to consult the "notwithstanding" clause to determine which provision prevails.

We do not think this account is sustainable. First, Perez's reading of the "notwithstanding" clause is inconsistent with § 841(b)(1)'s statutory history. As described above, when Congress amended § 841(b)(1) in 2002, § 3583(b) already clarified that its maximums applied only "[e]xcept as otherwise provided." In a conflict between the two provisions, that is, we knew already which one prevailed: § 841. *See, e.g.*, *Pratt*, 239 F.3d at 648. So Congress's 2002 addition of the "notwithstanding" clause is meaningful only if it does something more than provide a rule of decision in cases of actual conflict. *See, e.g.*, *Stone v. INS*, 514 U.S. 386, 397 (1995) ("When Congress acts to amend a statute, we presume it intends its amendment to have real and substantial effect."). And indeed it does: Consistent with the "natural[]" meaning of "notwithstanding," § 841(b)(1)'s new "notwithstanding" clause establishes that § 841(b)(1)'s supervised release provisions are categorically unaffected and "[un]limited" by § 3583(b). *Fernandez*, 887 F.2d at 468 (construing similar "notwithstanding" clause). Perez's theory, on the other hand, leaves § 841(b)(1)'s "notwithstanding" proviso without practical effect.

Second, we can think of no reason why Congress would have amended § 841(b)(1) to codify an approach that produces such arbitrary results. We ourselves were troubled by the "anomalous" combined effect of our decisions in *Good* and *Pratt*, under which a defendant convicted under subsection (C) of § 841(b)(1) is punishable by a lifetime of supervised release, while a defendant convicted of *more* serious conduct under subsection (B), as in *Good*, is protected by § 3583(b)'s three-year maximum. *See Pratt*, 239 F.3d

14

at 647–48, 647 n.4.[6]  And we wondered whether we should reconsider, in an appropriate case, a "counterintuitive result" driven solely by the fortuity that some subsections of § 841(b)(1) have minimum terms that are shorter than their corresponding § 3583(b) maximums and some do not.  *See id.*  But that is exactly the regime that follows from Perez's crabbed reading of the "notwithstanding" clause.  He has offered no explanation for why Congress would have embraced such an outcome, and it seems vastly more plausible that Congress intended to avoid these very incongruities by directing, in its 2002 amendment, that § 841(b)(1)'s supervised release provisions operate in all cases independently of § 3583.[7]

Perez's final argument is that it would have been unreasonable for Congress to authorize lifetime supervised release sentences for the relatively minor marijuana offenses described in § 841(b)(1)(D), especially given that they carry only a five-year maximum

---

[6] That result would be especially anomalous given Congress's judgment that defendants convicted under subsection (B) must serve at least five years in prison – but, on Perez's theory, could only be subject to five years of supervised release – while defendants convicted under subsection (C) need not serve any prison time but may serve up to a lifetime of supervised release.

[7] As several courts have noted, that reading is echoed by the legislative history of Congress's 2002 amendment, in the form of the accompanying committee report.  The report specifically states that "the longer terms of supervised release under § 841, 'which may include lifetime supervised release,' controlled over the lesser maximums in § 3583(b)."  *Jackson*, 559 F.3d at 370 (quoting H.R. Rep. No. 107-685 at 188–89); *see Johnson*, 331 F.3d at 967 n.4.  And the report expressly disapproves of decisions holding to the contrary – including, by name, our decision in *Good*.  *See Rogers*, 543 F.3d at 468 n.2 (citing H.R. Rep. No. 107-685 at 188–89).

prison sentence.[8]   But that is Congress's decision to make, not ours.   District courts imposing supervised release under § 841(b)(1) are bound to impose terms that are procedurally and substantively reasonable, and their discretion in doing so will remain informed by the Sentencing Guidelines.  *See United States v. Helton*, 782 F.3d 148, 154 (4th Cir. 2015); *see also* U.S.S.G. § 5D1.2(a)(2) (recommending supervised release terms of one to three years for Class D felonies like Perez's); *United States v. Slappy*, 872 F.3d 202, 206–08 (4th Cir. 2017) (holding that district courts are subject to similar, but more deferential, reasonableness requirements when imposing revocation sentences).   Given these guardrails, we do not find Congress's authorization of lifetime supervised release under § 841(b)(1) to be anomalous – and certainly not sufficiently so to displace the text, history, and context described above.

## III.

For the reasons given above, we affirm the judgment of the district court.

*AFFIRMED*

---

[8] Perez also invokes the rule of lenity.  But that rule applies only "if, after considering text, structure, history, and purpose, there remains a grievous ambiguity or uncertainty in the statute, such that the Court must simply guess as to what Congress intended."  *Barber v. Thomas*, 560 U.S. 474, 488 (2010) (cleaned up) (collecting cases).  As we have explained, § 841(b)(1)'s text is clear, and its context and history reinforce our reading of it.  *See id.*; *see also United States v. Kahoe*, 134 F.3d 1230, 1234–35 (4th Cir. 1998) (declining to apply rule of lenity where structure and legislative history clarify text).