**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-4449**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DUANE CHALEDRON BROWN,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Leonie M. Brinkema, District Judge.  (1:06-cr-00456-LMB-1)

_____

Submitted:  January 18, 2023                                    Decided:  January 31, 2023

_____

Before AGEE, DIAZ, and QUATTLEBAUM, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Geremy C. Kamens, Federal Public Defender, Patrick L. Bryant, Appellate Attorney, Cadence A. Mertz, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. Jessica D. Aber, United States Attorney, Aidan Taft Grano-Mickelsen, Assistant United States Attorney, Richmond, Virginia, Raemarie Zanzucchi, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Duane Chaledron Brown pled guilty to a cocaine base conspiracy and was sentenced in 2007 to 188 months' imprisonment,[*] to be followed by five years' supervised release. Brown commenced his supervision in April 2014. Three months later, Brown drove a vehicle while intoxicated, causing an accident that killed a 13-year-old girl ("MV-1"). He pled guilty in state court to involuntary manslaughter and felony hit-and-run and was sentenced to 10 years' active imprisonment, an additional 10 years' imprisonment, suspended, and three years' supervised probation.

Based on his commission of this new criminal conduct, Brown's federal probation officer petitioned to revoke Brown's supervised release. During the revocation hearing, the district court received written statements from several of MV-1's friends and family and, over Brown's objection, permitted MV-1's mother to address the court. The district court ultimately revoked Brown's supervised release and sentenced him to 27 months' imprisonment.

Brown appeals his revocation sentence, arguing only that the district court erred in considering statements from MV-1's friends and family—particularly, her mother's unsworn oral statement—because those individuals did not qualify as "crime victims" for purposes of the Crime Victims' Rights Act, 18 U.S.C. § 3771 ("CVRA"). The Government

---

[*] Brown's prison term later was reduced to 120 months pursuant to 18 U.S.C. § 3582(c)(2).

2

argues that the district court did not abuse its broad discretion to consider evidence at sentencing and that, in any event, any error was harmless.  We affirm.

"We affirm a revocation sentence so long as it is within the prescribed statutory range and is not plainly unreasonable."  *United States v. Coston*, 964 F.3d 289, 296 (4th Cir. 2020) (internal quotation marks omitted).  We first consider whether the sentence is procedurally or substantively unreasonable, evaluating "the same procedural and substantive considerations that guide our review of original sentences" but taking "a more deferential appellate posture than we do when reviewing original sentences." *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (cleaned up).  Only if we find a revocation sentence unreasonable will we consider "whether it is plainly so." *United States v. Slappy*, 872 F.3d 202, 208 (4th Cir. 2017) (internal quotation marks omitted).

Within this framework, we review questions of statutory interpretation de novo, *see United States v. Perez*, 22 F.4th 430, 435 (4th Cir. 2022), and rulings regarding the admissibility of evidence and introduction of witnesses at sentencing for abuse of discretion, *see United States v. Brooks*, 524 F.3d 549, 564 (4th Cir. 2008); *see also United States v. Dillard*, 891 F.3d 151, 158 (4th Cir. 2018) (describing standard).  We review unpreserved sentencing challenges only for plain error. *United States v. Aplicano-Oyuela*, 792 F.3d 416, 422 (4th Cir. 2015).

As noted above, Brown grounds his challenge in the CVRA, which guarantees crime victims certain rights, including "[t]he right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding."  18 U.S.C. § 3771(a)(4).  We need not resolve, however, whether MV-1's

3

family and friends fall within the CVRA's definition of "crime victim."  *See* 18 U.S.C. § 3771(e)(2)(A).  As the Government argues, a federal district judge "has wide discretion" when imposing sentence and, subject to due process constraints, "may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come."  *United States v. Tucker*, 404 U.S. 443, 446 (1972); *see* 18 U.S.C. § 3661.  "That discretion also carries forward to later proceedings that may modify an original sentence."  *Concepcion v. United States*, 142 S. Ct. 2389, 2398 (2022); *see also United States v. Haymond*, 139 S. Ct. 2369, 2379-80 (2019) (plurality opinion) ("[S]upervised release punishments arise from and are treated as part of the penalty for the initial offense." (cleaned up)).  "The only limitations on a court's discretion to consider any relevant materials at an initial sentencing or in modifying that sentence are those set forth by Congress in a statute or by the Constitution."  *Concepcion*, 142 S. Ct. at 2400.

Although the CVRA requires district courts to allow certain individuals to be heard in criminal proceedings, it does not prohibit individuals from being heard or otherwise limit a judge's discretion to consider relevant material at sentencing.  *See* 18 U.S.C. § 3771.  The statements made by MV-1's family and friends were relevant to the nature, circumstances, and seriousness of Brown's violation conduct, as well as the magnitude of his breach of trust in violating the terms of his release.  *See* 18 U.S.C. § 3583(e) (identifying relevant sentencing factors); *United States v. Ramos*, 979 F.3d 994, 1003 (2d Cir. 2020); *see also United States v. Webb*, 738 F.3d 638, 641-42 (4th Cir. 2013) (observing that revocation sentence "should sanction primarily the defendant's breach of trust, while taking into

4

account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator," and explaining appropriate role of violation's seriousness under 18 U.S.C. § 3583(e) (internal quotation marks omitted)). We therefore conclude that the district court acted within its broad discretion in considering these statements.

Brown also appears to take issue with the district court's decision to permit MV-1's mother to give a statement without requiring her to testify under oath and subject to cross-examination. Brown's passing references to this issue arguably are insufficient to preserve appellate review. *See Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017) ("A party waives an argument by failing to present it in its opening brief or by failing to develop its argument—even if its brief takes a passing shot at the issue." (cleaned up)). In any event, Brown did not preserve an objection on these grounds below, and his challenge is reviewable only for plain error. *See United States v. Zayyad*, 741 F.3d 452, 459 (4th Cir. 2014) ("To preserve an argument on appeal, the defendant must object on the same basis below as he contends is error on appeal."). Brown fails to satisfy his burden to establish that the district court's consideration of MV-1's mother's statement absent formal testimony and cross-examination affected his substantial rights. *See Greer v. United States*, 141 S. Ct. 2090, 2100 (2021) (describing plain error standard).

Accordingly, we affirm the revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5